JOHN A. SULLIVAN & others *vs.* SECRETARY OF THE COMMONWEALTH.

Suffolk.    September 10, 1919. — October 9, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Jurisdiction,* Of full court. *Constitutional Law,* Referendum.

The full court in considering what justice requires as to the disposition of any case must consider changes in fact or in law or subsequent events decisively affecting the remedy sought, which are called in a proper manner to the attention of the court as having happened since the proceeding was instituted.

The full court has no power to decide abstract questions of law inapplicable to any subsisting right.

Upon a petition for a writ of mandamus addressed to the Secretary of the Commonwealth commanding him to provide the petitioners with blanks for the use of subsequent signers of a petition filed under art. 48 of the Amendments to the Constitution asking for a referendum on a joint resolution of the General Court, in accordance with a stipulation of the parties filed in court in order to protect the rights of the petitioners the Secretary of the Commonwealth provided the requested blanks for the use of the subsequent signers under art. 48 without prejudice to the determination of the case presented by the petition for mandamus, and, after the case had been reserved for determination by the full court but before it was decided, it was brought properly to the attention of this court that the number of signatures required by art. 48, III, § 3 of the Amendments had not been filed within the designated time, so that the question whether the Secretary of the Commonwealth was right or wrong in refusing to furnish the blanks to the petitioners had become wholly a moot question. *Held*, that the court had no power to pass upon the abstract question and that the petition must be dismissed.

PETITION, filed on July 30, 1919, by ten qualified voters for a writ of mandamus addressed to the Secretary of the Commonwealth, commanding him to provide the petitioners with blanks for the use of subsequent signers of a petition, filed with the respondent under the provisions of art. 48 of the Amendments to the Constitution, asking for a referendum on a joint resolution of the General Court ratifying the proposed amendment to the Constitution of the United States extending the right of suffrage to women.

The following stipulation, signed by the attorney for the petitioners and by the Assistant Attorney General, was filed in court:

"It is hereby agreed in the matter of the above-entitled petition, in order to protect the rights of the petitioners, that the respondent, as Secretary of the Commonwealth, shall provide blanks, duly printed, for the use of subsequent signers, as provided in Amendment 48 of the Constitution of the Commonwealth, and that the said respondent, as Secretary of the Commonwealth, shall permit the subsequent signatures to be filed as provided in said amendment; but it is expressly understood and agreed that such action by the said respondent, as Secretary of the Commonwealth, shall be without prejudice to the determination by the court of any issue or issues presented by said petition."

By a communication to this court from the Attorney General, dated October 2, 1919, reporting information received from the

Secretary of the Commonwealth, it appeared that the number of signatures upon the petition at the expiration of ninety days after the resolution in question became a law was twelve thousand, six hundred and twenty-eight, thus falling short of the fifteen thousand required by art. 48, III, § 3 of the Amendments to the Constitution.

This was admitted to be true by the counsel for the petitioners, who stated that the failure to secure a total of fifteen thousand signatures was no fault of counsel.

The case came on to be heard before *Pierce*, J., who reported it for determination by the full court upon the petition and answer.

The case was submitted on briefs.

*L. Weyburn & H. W. Packer*, for the petitioners.

*H. A. Wyman*, Attorney General, & *C. W. Mulcahy*, Assistant Attorney General, for the respondent.

RUGG, C. J.   This is a petition for a writ of mandamus to compel the Secretary of the Commonwealth to furnish to the petitioners the blanks which he appears to be required to furnish by art. 48 of the Amendments to the Constitution in case of a referendum petition, and otherwise to recognize rights claimed to exist by that amendment.   The purpose of the proceeding is to secure a referendum on the joint resolution of the General Court ratifying an amendment to the Federal Constitution which extends the right of suffrage to women.   The respondent refused to act as requested, on the ground that the joint resolution was not subject to a referendum.   Pending a hearing upon the petition, a stipulation was entered into whereby the respondent provided the required blanks for the use of signers in order to protect the rights of the petitioners, but without prejudice to the determination by the court of the issues raised on this petition.   Thereafter the case was reported by a single justice to the full court and has been submitted on briefs.   Before it was practicable to reach a determination of the question of law presented and to prepare an opinion expressive of the decision, it came to the attention of the court that a sufficient number of signatures required by the so called referendum amendment had not been filed within the time limited.

In considering what justice requires as to the disposition of any cause, the court must consider changes in fact or in law and other

subsequent events decisively affecting the relief to be afforded, which have been called to its attention as having supervened since the proceeding was instituted. *Watts, Watts & Co. Ltd.* v. *Unione Austriaca Di Navigazione,* 248 U. S. 9, 21. *Ensign* v. *Faxon,* 229 Mass. 231, and cases collected at page 233.

It is manifest that the inquiry whether the Secretary of the Commonwealth was right or wrong in his refusal to furnish the blanks to the petitioners has become wholly a moot question. It can have no practical result. No facts exist which can authorize relief to the petitioners. In any event, there can be no referendum. Any decision which might be rendered would relate to an abstract question of law inapplicable to any subsisting right. Courts are not established for the discussion of such questions. Said Mr. Justice Gray in *California* v. *San Pablo & Tulare Railroad,* 149 U. S. 308, 314, "The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard."

This principle has been frequently declared, has not been doubted, and is indisputable. It lies at the foundation of the common law. *Kimball* v. *Kimball,* 174 U. S. 158. *Mills* v. *Green,* 159 U. S. 651, 653. *Berry* v. *Davis,* 242 U. S. 468. *Swift & Co.* v. *Hocking Valley Railway,* 243 U. S. 281, 289. *Postal Telegraph-Cable Co.* v. *Montgomery,* 193 Ala. 234, 237. *Duggan* v. *Emporia,* 84 Kans. 429, 440. *Pittinger* v. *Gratz,* 157 Ky. 401. *Funk & Wagnalls Co.* v. *Stamm,* 56 Vroom, 301, 303. *Pacific Livestock Co.* v. *Mason Valley Mines Co.* 39 Nev. 105. The conclusion is irresistible that for this reason the entry must be

*Petition dismissed.*