FANNIE S. CHASE vs. ARTHUR H. RUSSELL, trustee.

Suffolk.   November 9, 1920. — November 10, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Probate Court*, Appeal, Jurisdiction.   *Appeal*, Moot question.   *Supreme Judicial Court.*

A banking institution at the request of a beneficiary under a will petitioned for its appointment as a co-trustee under the will to act with one who alone was named as trustee therein and had been appointed and had qualified.   The banking institution was named in the will as a successor to the trustee therein named.   By order of the judge of the Probate Court a decree was entered dismissing the petition, the judge stating that, "if the prayer of the petition was within the discretion of the court . . . [he] . . . would not grant it, but that, as a matter of law the court had exhausted its power by the previous appointment" of the trustee named in the will.   The beneficiary appealed. *Held*, that the decree must be affirmed, as the appeal sought to raise a question wholly moot, and did not present a question of law proper for this court to determine.

PETITION, filed in the Probate Court on March 19, 1920, by the Boston Safe Deposit and Trust Company at the request of beneficiaries of a trust under the will of Walter G. Chase, late of Boston, seeking the appointment of the petitioner as a co-trustee to act with the trustee who was named in the will as the sole trustee.

By the provisions of the will constituting the trust, Arthur H. Russell, Esquire, was named as trustee, and, in the event that he should die before the testator or should be unable or unwilling to serve as such trustee, or should die or become unable or unwilling to serve before the duties incident to the trust were completed, the petitioner was nominated to succeed him.

The petition was heard by *Grant*, J., who "ruled on the evidence, which neither party requested to have taken down by a commissioner, that if the prayer of the petition was within the discretion of the court, . . . [he] . . . would not grant it, but that as a matter of law the court had exhausted its power by the previous appointment of said Russell whose title was derived from the instrument itself." He "also ruled that the court under the

statutes has no power to make an appointment except where the testator has omitted in his will to appoint a trustee or where the trustee declines, resigns, dies or is removed before the objects of the trusts are accomplished and such instrument makes no adequate provision for supplying the vacancy."

A decree dismissing the petition accordingly was entered, and Fannie S. Chase, mother of the testator and a beneficiary under the trust, appealed.

The case was submitted on briefs.

*N. U. Walker,* for the petitioner.

*E. M. Moore,* for the respondent.

RUGG, C. J. This is a petition by the Boston Safe Deposit and Trust Company, brought at the request of beneficiaries under the will of Walter G. Chase, for appointment as co-trustee under said will with Arthur H. Russell who was named in said will as trustee and duly appointed by the Probate Court and qualified as such on June 12, 1919, and who is still serving as trustee. The probate judge dismissed the petition and stated in his report that "if the prayer of the petition was within the discretion of the court, I would not grant it," and then ruled as matter of law that he had no power to make an appointment under the circumstances disclosed. The question of law sought to be raised on this record is wholly moot and can have no effect upon the rights of the parties. This court is not established for the discussion and declaration of opinion concerning such questions. *Sullivan* v. *Secretary of the Commonwealth,* 233 Mass. 543. It is too clear for discussion that even if the Probate Court had power, the making of the appointment rested in sound judicial discretion.

Since it appears that on that ground the petitioner could not prevail whatever the law may be, there is no question of law to be decided.

*Decree affirmed.*