TOWN OF SWAMPSCOTT *vs.* KNOWLTON ARMS, INC.

Essex.    February 4, 1930. — September 11, 1930.

Present: RUGG, C.J., PIERCE, WAIT, & FIELD, JJ.

*Supreme Judicial Court,* Moot case.

In a suit in equity by a town to have declared void a permit for the erection of a building, issued by the inspector of buildings under the town's building by-law about three months before the filing of the bill, it appeared that said by-law provided that no such permit "shall be in force for a period longer than one year." After a hearing by a master and the filing of his report, a final decree was entered dismissing the bill several months after the expiration of that year, and the suit thereafter came before this court upon an appeal by the plaintiff. No action had been taken under the permit within one year after its issuance. *Held,* that

(1) The question of the validity of the original permit had become moot;

(2) The final decree was modified by the insertion of a clause to the effect that the bill was dismissed on the ground that the question raised had become moot, and, as thus modified, it was affirmed with costs.

BILL IN EQUITY, filed in the Superior Court on December 18, 1928, and described in the opinion.

The suit was referred to a master. Material facts are stated in the opinion. Upon the filing of the master's report, the suit was transferred to the Supreme Judicial Court and

was consolidated with a certain petition for a writ of mandamus pending in that court. By orders of *Sanderson, J.,* there were entered on November 6, 1929, interlocutory decrees denying the plaintiff's motion to recommit the master's report and confirming the report; and, on November 22, 1929, a final decree dismissing the bill. The plaintiff appealed from the final decree on December 4, 1929.

*H. D. Linscott,* for the plaintiff.

*S. Parsons,* for the defendant.

RUGG, C.J.   The essential prayer of the bill in this suit is to declare null and void a permit issued by the building inspector of the town to the Knowlton Arms, Inc. to erect a large hotel on a described lot. The permit was issued on August 31, 1928. According to section 3 of the building by-laws of the town, pursuant to which the permit was issued, no such permit "shall be in force for a period longer than one year." It does not appear that the permit has been acted upon within that period. It is to be inferred that it has not been acted upon pending this litigation.

The case came on to be argued before the full court on February 4, 1930. At that time the permit had lost all its validity for many months. It had become useless before the entry of the final decree on November 22, 1929. The corporation to which it was issued could not act upon it, in any event, no matter what might be the opinion of this court on the main controversy between the parties. The question of the original validity of the building permit has become moot. Courts are not empowered to decide moot cases, but sit only for the settlement of live rights. *Sullivan* v. *Secretary of the Commonwealth,* 233 Mass. 543, 546 and cases collected. *Chase* v. *Russell,* 236 Mass. 417. *Gabis, petitioner,* 240 Mass. 465. *Swig* v. *State Ballot Law Commission,* 265 Mass. 19, 22. *Independent-Progressive Party* v. *Secretary of the Commonwealth,* 266 Mass. 18, 22 and cases collected. *Barker Painting Co.* v. *Brotherhood of Painters, Decorators, & Paperhangers of America,* 281 U. S. 462.

Strong reasons exist for declining to discuss the mooted question in the case at bar. The point was raised at the argument. There may not now be another application for

such a permit. The building inspector who issued the permit may be no longer in office. He was appointed in April, 1928, for a term of one year. His successor may entertain different views about issuing a similar permit. Other conditions may have changed.

The final decree is to be modified by the insertion of a clause to the effect that the bill is dismissed on the ground that the question raised has become moot because the building permit has expired and is no longer in force, and as thus modified is affirmed with costs.

*Ordered accordingly.*