DANIEL F. KNOWLTON & others *vs.* TOWN OF SWAMPSCOTT.

Essex.    March 9, 1932. — June 30, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Zoning.    Equity Jurisdiction*, Adequate remedy at law.    *Res Judicata.*

In a suit in equity by a landowner against a town, the bill contained
allegations that the defendant's zoning by-law unnecessarily deprived
the plaintiff's land of its value and deprived him of his constitutional
rights; and prayers in substance that the by-law be adjudged invalid
as to the plaintiff's land and that he be permitted to erect buildings
thereon notwithstanding the provisions of the by-law.  The defendant
demurred on the ground that the plaintiff had a plain, adequate and
complete remedy at law.  The demurrer was sustained.  *Held,* that
    (1) Under § 27A, added to G. L. c. 40 by St. 1924, c. 133, the plain-
tiff was provided a means of seeking the relief he desired by way of
application to the board of appeals of the defendant;
    (2) G. L. c. 40, §§ 25–32, as amended, covered the whole subject of
zoning in towns, including means for redress for wrongs arising in con-
nection with it, and superseded other provisions of law;
    (3) The demurrer properly was sustained.
Facts found by a master in a suit in equity, whose report was confirmed
by interlocutory decree, were not *res judicata* where the suit thereafter
was disposed of by the entry of a final decree dismissing the bill on the
ground that the issues in the suit had become moot.

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Essex on January 23, 1931.

The allegations of the bill are described in the opinion.
The plaintiffs sought a mandatory injunction ordering the
defendant "to permit the plaintiffs or their grantees to
erect any lawful building upon said tract, disregarding
the provisions of said zoning by-law" and that "the zoning
by-law be held to be invalid in its specific application to
the plaintiffs' land."  The defendant demurred.  The de-
murrer was heard by *Wait*, J., by whose order an inter-
locutory decree was entered sustaining it on certain grounds
stated in the opinion.  The single justice thereupon re-
ported the suit for determination by the full court.

The case was submitted on briefs on March 9, 1932, to

*Rugg*, C.J., *Crosby, Sanderson, & Field*, JJ., and, after the death of *Sanderson*, J., was also submitted on briefs to *Pierce & Donahue*, JJ.

*S. Parsons, A. G. Wadleigh, & P. F. Crowley*, for the plaintiffs.

*H. D. Linscott*, Town Counsel, for the defendant.

RUGG, C.J. This case comes before us on a report after appeal from an interlocutory decree sustaining grounds 3 and 5 and overruling other grounds set forth in the demurrer to the bill. The allegations of the bill in substance are these: The plaintiffs are the owners of a tract of land in the defendant town bounded on the south and west by the Atlantic Ocean, of great value for business uses. It has a special value for hotel purposes, to which it has been devoted for many years. It is of greatly diminished value for residential purposes and there is little or no demand for dwelling houses in the location and the land is unsalable for that use. In 1924, the defendant adopted a zoning by-law whereby the land of the plaintiffs was placed in a general residence district. The land is unsalable and has no valuable use as zoned, but is salable at a large price if available for new structures to be devoted to hotel purposes. Land across the street from the land of the plaintiffs is zoned and occupied for business. Inclusion of the plaintiffs' land in the general residence district does not promote the health, safety, convenience and general welfare of the inhabitants in the vicinity, or of the town as a whole, and is not indispensable to the general plan of zoning. The result of the zoning, if allowed to stand, is that the plaintiffs will be deprived of their property in violation of their constitutional rights.

1. The demurrer to this part of the bill is that the plaintiffs have a plain, adequate, and complete remedy at law.

It is manifest that there have been no interferences with the uses of the land and the several buildings thereon for the purposes to which they were devoted when the zoning ordinance was adopted. There are no allegations of that nature. Such interference is not permissible under the statute enabling municipalities to adopt zoning by-laws.

G. L. c. 40, § 29, as amended by St. 1925, c. 116, § 3.   The
complaint of the plaintiffs is that, as zoned, they cannot
sell their land for the construction of new buildings for
hotel purposes, and that, if that were permitted, they be-
lieve that they could sell it for a much higher price.

The General Court has covered the field of zoning by
towns by a comprehensive scheme of legislation.  G. L.
c. 40, §§ 25–32, both inclusive, as amended.  It is pro-
vided by § 27A, added by St. 1924, c. 133, that a board of
appeals created by the statute may vary the application of
a zoning by-law "in specific cases wherein its enforcement
would involve practical difficulty or unnecessary hardship
and wherein desirable relief may be granted without sub-
stantially derogating from the intent and purpose of such
by-law . . . . Any person aggrieved by a decision of the
board of appeals . . . may . . . bring a petition in the
supreme judicial court for a writ of certiorari to correct
errors of law therein."   Any party suffering injury to his
property through the operation of a zoning by-law is thus
given opportunity to present his complaint to a tribunal
provided by law, familiar with the local conditions, and to
secure the relief to which he is entitled if any.   This statu-
tory remedy is not illusory or inadequate as matter of law.
Experience has demonstrated its practical utility.   Relief
has not infrequently been afforded by boards of appeal;
and their errors of law have been corrected by certiorari.
*Bradley* v. *Zoning Adjustment Board of Boston,* 255 Mass.
160.   *Norcross* v. *Board of Appeal of Boston,* 255 Mass. 177.
*Hammond* v. *Board of Appeal of Springfield,* 257 Mass.
446.   *Kane* v. *Board of Appeals of Medford,* 273 Mass. 97.
*Roman Catholic Archbishop of Boston* v. *Board of Appeal of
Boston,* 268 Mass. 416.   *Prusik* v. *Board of Appeal of Boston,*
262 Mass. 451.

It is a general principle that, where a statute covers the
whole subject to which it relates, including means for
redress for wrongs arising in connection with it, other pro-
visions of law are superseded.   *School Committee of Lowell*
v. *Mayor of Lowell,* 265 Mass. 353, 356–357, and cases
collected.   *A. L. Smith Iron Works* v. *Maryland Casualty*

*Co.* 275 Mass. 74. *Paquette* v. *Fall River,* 278 Mass. 172. *Shriver* v. *Woodbine Savings Bank,* 285 U. S. 467, 478. The subject of zoning in this Commonwealth is the creation of statute under art. 60 of the Amendments to the Constitution. *Kilgour* v. *Gratto,* 224 Mass. 78. *Opinion of the Justices,* 234 Mass. 597. *Inspector of Buildings of Lowell* v. *Stoklosa,* 250 Mass. 52. In appropriate instances, the proper public officer, improperly refusing to issue a building permit under zoning by-laws, ordinances or statutes, may be compelled to do so by mandamus. *Spector* v. *Building Inspector of Milton,* 250 Mass. 63. *Bancroft* v. *Building Commissioner of Boston,* 257 Mass. 82.

A party cannot come into equity to secure relief open to him at law. Where preliminary proceedings are specially provided for him, there must be resort to them. *Waters* v. *Boyden,* 275 Mass. 564, and cases cited. In *Nectow* v. *Cambridge,* 260 Mass. 441, and in *Nelson* v. *Belmont,* 274 Mass. 35, no question was raised as to relief in equity and that defence must be taken to have been waived so far as available. In the *Nectow* case the plaintiff first sought relief from the city government, from the superintendent of buildings, and from the board of appeal, and was unsuccessful in all respects.

We think that the demurrer was sustained rightly on ground 3.

2. Ground 5 of the demurrer relates to paragraph 10 of the bill. That paragraph is designed to allege facts constituting *res judicata* of the matters in issue against all contentions of the defendant. The basis of the allegations is in substance that the controversy was settled by the facts set forth, the conclusions and the findings in the master's report in *Swampscott* v. *Knowlton Arms, Inc.* 272 Mass. 475, to which the plaintiffs were parties, and that the master's report was confirmed by an interlocutory decree, and that thus all such facts, conclusions and findings were finally approved by a judicial proceeding. Allegations of that nature afford the plaintiffs no relief for the reason that that case was disposed of by the entry of a final decree dismissing the bill because the questions raised

had become moot. No decision of the court was rendered on the merits of the issues raised in that case. The cases relied on by the plaintiffs went to final judgment or final decree on the merits. In *Swampscott* v. *Knowlton Arms, Inc.* nothing was adjudged except that the point at issue to be decided on the pleadings and the master's report was moot and could not be decided. The facts in *Shapiro* v. *McCarthy*, 279 Mass. 425, are different from those set forth in paragraph 10 of the bill. That decision affords no support to the contention of the plaintiffs on this point. There is nothing inconsistent with this conclusion in *Harrison* v. *Fall River*, 257 Mass. 545, 549, *Foye* v. *Patch*, 132 Mass. 105, 110, *Foster* v. *The Richard Busteed*, 100 Mass. 409, 411, or *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100, 108. The remarks in those decisions, to which attention has been drawn by the plaintiffs, were made with respect to reports of masters which became the basis of final decrees on the merits, or with respect to other final adjudications. Of course those remarks are to be read in connection with the facts and issues then before the court, and cannot be taken out of their context and applied as authoritative to different facts and issues. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 545. *Welch* v. *King*, 279 Mass. 445. It is not necessary to review the cases in further detail. The demurrer in our opinion was rightly sustained on ground 5.

*Interlocutory decree affirmed.*