HUBRITE INFORMAL FROCKS, INC. *vs.* PHILIP KRAMER & others.

Suffolk.    May 11, 18, 21, June 30, 1936. — June 29, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Supreme Judicial Court*, Moot question.    *Equity Jurisdiction*, Retention for assessment of damages.

The fact that a question of law pending before this court had become moot properly was presented by affidavits.

Questions of law presented on a report by a single justice of this court who on a report by a judge of the Superior Court pursuant to cl. 6 of § 9A, added to G. L. (Ter. Ed.) c. 214 by St. 1935, c. 407, § 4, had heard a suit in equity seeking an injunction against unlawful picketing of the plaintiff's plant by the defendants, not employees of the plaintiff, became moot when the picketing was discontinued and there was no intention on the defendants' part to resume it; and this court therefore did not consider a question, raised on the report, whether said St. 1935, c. 407, was constitutional.

Upon questions of law raised by a report of a suit in equity for an injunction restraining unlawful picketing becoming moot because the injunction no longer was necessary, this court remanded the suit to the Superior Court for consideration of the matter of damages, though no damages had been alleged specifically in the bill nor assessed by the trial judge.

BILL IN EQUITY, filed in the Superior Court on February 29, 1936.

After a hearing, *Greenhalge*, J., pursuant to cl. 6 of § 9A added to G. L. (Ter. Ed.) c. 214 by St. 1935, c. 407, § 4, reported the case to the Supreme Judicial Court, where it was heard by *Crosby*, J., who ordered entered a final decree confirming the order of the Superior Court, and then reported the case for determination by the full court.

*A. E. Whittemore*, (*J. J. Kaplan & L. B. Newman* with him,) for the plaintiff.

*G. E. Roewer*, (*A. F. Reel & B. Feinberg* with him,) for the defendants.

*H. Wise*, by leave of court, submitted a brief as *amicus curiae*.

RUGG, C.J.  This is a suit in equity brought by the plaintiff as the employer of about one hundred seventy-five persons engaged in the manufacture of cotton dresses against certain officers and members of a labor union.  The labor union is a voluntary unincorporated association consisting of many members.  The bill was filed on February 29, 1936.  In it are set out various allegations as to the conduct of the defendants, none of whom were employees of the plaintiff, in picketing its factory, in using violence and deceit and abusive and threatening language toward its employees, and intimidating them from working for the plaintiff.  The prayers of the bill are for injunctive relief to prevent the defendants (1) from interfering with the plaintiff's business, (2) from congregating about the entrance to the plaintiff's place of business, and (3) from injuring, molesting, or threatening to injure and molest any of the employees of the plaintiff.  The case was heard by a judge of the Superior Court, who on March 18, 1936, filed findings of fact.  A summary of his findings is as follows: It did not appear that any one of the plaintiff's employees was a member of any union.  There was no dispute between the plaintiff and any of its employees with respect to hours of labor, wages, or working conditions.  The plaintiff had not failed to comply with any obligation imposed by law or to make reasonable efforts to settle a dispute within the meaning of St. 1935, c. 407, § 4.  He found (a) that, beginning with February 27, 1936, and through and including March 9 and 10, 1936, the defendant Desser by threats, assaults and the use of improper language to employees of the plaintiff had prevented certain of its employees from entering upon its premises to go to work, and that as a result of these acts many employees of the plaintiff were reasonably put in fear of bodily injury and remained away from its factory with consequent injury to its business.  Pickets assigned to duty in front of the plaintiff's premises have frequently been in excess of a reasonable number in view of the number of employees in the factory, as admitted by one of the defendants, and such excessive numbers have led to violence and disorder, to intimidation of employees

and to actual assaults in numerous instances; (b) that substantial and irreparable injury would follow to the business and property of the plaintiff; (c) that as to each item of relief sought, greater injury will be inflicted upon the plaintiff by the denial of relief than will be inflicted upon the defendants by granting relief; (d) that the plaintiff has no remedy at law; (e) that the public officers charged with the duty to protect the plaintiff's property are unable to furnish adequate protection.

With respect to the defendants Desser and Levine, the trial judge ordered that a preliminary injunction issue, but as to the other defendants he was unable to find that they had themselves made threats, or committed unlawful acts, or actually authorized or ratified the same after knowledge of them.

The trial judge further stated that, but for the provisions of St. 1935, c. 407, he should find and rule upon the evidence that a preliminary injunction should issue against several named defendants and the members of the union, who were fairly represented and had a common interest in the subject matter of the suit with the individual defendants; but, being constrained to assume as trial judge that the statute is constitutional, in the absence of some binding decision to the contrary, he refused to order such injunction against other defendants and denied rulings requested by the plaintiff directed to that end. Numerous questions of law were reported by the trial judge, including his actions on requests for rulings. This procedure was in conformity to § 9A (6) inserted by St. 1935, c. 407, § 4, after § 9 in G. L. (Ter. Ed.) c. 214. The case was heard upon this report before a single justice, who on March 20, 1936, ordered a final decree to be entered confirming the order of the Superior Court and then reported all questions of law raised by the trial judge for the determination of the full court.

When the case was reached for argument at the bar of this court, the defendants took the position that the case had become moot since the making of the report by the single justice. A proper way to bring this fact to the knowledge of the court was by affidavits. *Jones* v. *Montague*, 194

U. S. 147, 153. *Vollman* v. *Industrial Workers of the World*, 79 Wash. 192. *Dakota Coal Co.* v. *Fraser*, 267 Fed. 130, 132. There were presented affidavits from officers and members of the union and from several defendants to the effect that nearly all the employees of the cotton garment industry then out on a strike attended a meeting in Boston and "Voted to discontinue the strike and to cease picketing at the shop of the Hubrite Informal Frock Company; that immediately after the meeting on March 27, notice was given to as many workers as possible of the result of said meeting, — so that by Monday, March 30, 1936, all picketing and all strike activities had ceased in front of or in and about the premises of the Hubrite Informal Frock Company; that as far as the Union is concerned there is no intention to resume the strike at the plant of the Hubrite Informal Frock Company." We are satisfied that these affidavits in substance state the truth and that the conduct of which the plaintiff complained came to an end on March 30, 1936; and that there is no occasion for the issuance of an injunction in order to protect the rights of the plaintiff as set forth in its bill of complaint. The strike is at an end so far as concerns the plaintiff.

It is plain from the frame of the bill that the object of the plaintiff in bringing the suit was to obtain injunctive relief against the illegal conduct which characterized the strike. It is clear, also, that the course of the trial was directed to the question of injunctive relief. It is true that a main point of the controversy related to the constitutionality of St. 1935, c. 407. That question, however, was in controversy because of the design of the plaintiff to obtain injunctive relief against the illegal acts accompanying the strike. Now that the strike has come to an end by the vote of the union, there is no occasion for injunctive relief. The ultimate purpose of the plaintiff has been accomplished. The controversy between the parties on which the suit was founded has ceased to exist. The issuance of an injunction has become moot in view of these facts. ". . . an injunction is not granted except with reference to what there is reason to expect in its absence." *Vegelahn* v. *Guntner*,

167 Mass. 92, 104. This statement by Holmes, J., in a dissenting opinion is not open to controversy. It was but a succinct restatement of the proposition laid down by Lord Eldon in *Coffin* v. *Coffin*, Jac. 70, 72, that "the Court never grants injunctions on the principle that they will do no harm to the defendant, if he does not intend to commit the act in question: but if there be no ground for the injunction, it will not support it." It was said in *Mullholland* v. *State Racing Commission*, 295 Mass. 286, 289: "When, at the time of the disposition of a cause, the situation is such that the relief sought is no longer available or of any use to the plaintiffs and a decision by the court will not be applicable to existing rights, no decision will be rendered. The questions originally involved have become moot."

The principle that the court does not consider and decide questions which have become moot and no longer constitute live issues between the parties is recognized in many of our decisions. *Aronson* v. *Orlov*, 228 Mass. 1, 10. *Blume* v. *William Shenkel & Sons Co.* 266 Mass. 15. *Independent-Progressive Party* v. *Secretary of the Commonwealth*, 266 Mass. 18, 22. *Swampscott* v. *Knowlton Arms, Inc.* 272 Mass. 475. *Sullivan* v. *Secretary of the Commonwealth*, 233 Mass. 543, 546. *Brown* v. *City Council of Cambridge*, 289 Mass. 333. *Greenwood* v. *Registrars of Voters of Fitchburg*, 282 Mass. 74.

The doctrine prevails generally. "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Mills* v. *Green*, 159 U. S. 651, 653. *Jones* v. *Montague*, 194 U. S. 147, 151, 152. *United States* v. *Anchor Coal Co.* 279 U. S. 812, 813. *Brownlow* v. *Schwartz*, 261 U. S. 216, 218. *Lewis Publishing Co.* v. *Wyman*, 228 U. S. 610. *Panama Refining Co.* v. *Ryan*, 293 U. S. 388, 413. *United States* v. *Alaska Steamship Co.* 253 U. S. 113, 115. *Securities & Exchange Commission* v. *Torr*, 87 Fed. (2d) 446,

450. *Shaw's Jewelry Shop, Inc.* v. *New York Herald Co.* 170 App. Div. (N. Y.) 504, 507; affirmed 224 N. Y. 731. It has been applied to labor union cases. *Barker Painting Co.* v. *Painters Union*, 281 U. S. 462.

The result of these decisions is that no injunction can be granted in the case at bar. This result is not affected by decisions like *American Steel Foundries* v. *Tri-City Central Trades Council*, 257 U. S. 184, *Truax* v. *Corrigan*, 257 U. S. 312, *Armstrong Cork & Insulation Co.* v. *Walsh*, 276 Mass. 263, and *Aberthaw Construction Co.* v. *Cameron*, 194 Mass. 208, 215, where the point that injunctive relief was not permissible on the ground here urged and supported does not appear to have been raised and was not discussed.

Since, as already pointed out, no injunction can be granted in the case at bar, it would be a moot discussion to consider the constitutionality of St. 1935, c. 407. That question would be germane if the plaintiff appeared to be entitled to injunctive relief; but it is not material to any issue now pending between the parties.

The plaintiff contends that the whole case has not become moot because it asserts that the question of damages due to it for the wrongs found to have been committed against its rights is open for further consideration. The strike was called on February 27, 1936. The bill of complaint was filed on February 29, 1936. No damages were set out specifically in the charging part of the bill. There was no prayer for the assessment of damages. A prayer for general relief is read into the bill. G. L. (Ter. Ed.) c. 214, § 12. In these circumstances the plaintiff might be entitled to recover whatever damages it could prove to have been done by any of the defendants. *Alden Bros. Co.* v. *Dunn*, 264 Mass. 355, 363, 364. The report of the trial judge states that the result of illegal acts of Desser and Levine with respect to the plaintiff has been "consequent injury to its business." No assessment of damages was made by the trial judge. No question of law as to damages to the plaintiff has been reported. Damages would naturally be assessed in this proceeding if they are sought and are recoverable. *Newburyport Institution for Savings* v. *Puffer,*

201 Mass. 41, 47. We think, therefore, that the case should be remanded to the Superior Court for such further proceedings as may be not inconsistent with this opinion. See *Duke Power Co.* v. *Greenwood County*, 299 U. S. 259, 267, 268. In the circumstances here disclosed, we are not inclined to order the bill dismissed as was done in *United States* v. *Anchor Coal Co.* 279 U. S. 812, 813.

The result is that the order for injunction is reversed, not on its merits, but because not necessary. Case remanded to the Superior Court for further proceedings not inconsistent with this opinion.

*Ordered accordingly.*