SOPHIA NILSSON *vs.* FRANCIS W. PEARSON & others.

Suffolk.    May 4, 23, 1938. — September 14, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Supreme Judicial Court,* Moot question.   *Probate Court,* Decree.

A petition in a probate court by an alleged sole heir and next of kin of a
decedent that the appearances of other purported contestants to the
probate of the decedent's will be struck from the record was dismissed
on appeal, not on its merits but because the question involved had
become moot through the disallowance of the will.

PETITION, filed in the Probate Court for the county of
Suffolk on April 1, 1937.

The petition was dismissed after hearing by *Prest,* J.   The
petitioner appealed.

*V. L. Hennessy,* for the petitioner.

*S. Sigilman,* for the respondents, submitted a brief.

Cox, J.   In proceedings for the probate of the will of
Rika Harris, late of Boston, the petition for probate thereof
set forth the names of certain persons as her heirs and next
of kin.   Some of these persons, and others, entered their
appearances in the proceedings.   The appellant in the case
at bar, claiming to be the sole heir and next of kin of the
deceased, filed the petition which is before us, in which she
asks that all said appearances be struck from the record.
The probate judge found adversely to the petitioner and
denied and dismissed her petition, whereupon she appealed
on November 15, 1937.   At the argument in this court on
May 4, 1938, it was stated that the will of the said Rika
Harris had been disallowed.   The Probate Court docket
shows that a decree was entered on February 18, 1938,
disallowing said will.   The appellant stated at the argu-
ment that, if she would not be precluded from raising the
question involved in this appeal, in the event that it later
should become material, she was content to have her petition
dismissed.

We do not feel called upon to decide this case. Standing by itself, the question involved has become moot, although there is a possibility that the same question may arise again when the time arrives for the distribution of the deceased's estate. However, the question may not arise. *Sullivan* v. *Secretary of the Commonwealth*, 233 Mass. 543. *Swampscott* v. *Knowlton Arms, Inc.* 272 Mass. 475.

Nevertheless, the grounds for our decision should clearly appear, in order that the decree of the Probate Court, which is the subject matter of this appeal, will not be effective in the event of further proceedings. *Isam Mitchell & Co. Inc.* v. *Rastok*, 241 Mass. 505, 509.

The final decree is reversed and a decree is to be entered dismissing the petition, not on its merits, but because the question raised has become moot. *Swampscott* v. *Knowlton Arms, Inc.* 272 Mass. 475, 477.

*Ordered accordingly.*