GUS J. ANDERSON & others *vs.* LABOR RELATIONS COMMISSION.

Suffolk.     November 6, 1941. — January 16, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Supreme Judicial Court,* Moot question. *Labor and Labor Union. State Labor Relations Law.*

After a labor union had made a contract with an employer whereby it became the collective bargaining agent for certain of his employees, a majority of whom desired that representation, the labor relations commission had no further occasion to take action under § 5 (c) of G. L. c. 150A, inserted by St. 1938, c. 345, § 2, on a petition previously filed with it by the union seeking to be certified as such agent.

The question, whether the labor relations commission should be compelled by mandamus to take action under § 5 (c) of G. L. c. 150A, inserted by St. 1938, c. 345, § 2, on a petition by a labor union to be certified as collective bargaining agent for certain employees, which petition the commission had dismissed without decision on the merits, became moot when the commission ceased to have occasion to take such action because of a contract then made between the union and the employer; and the mandamus proceeding must be dismissed.

PETITION for a writ of mandamus, filed in the Superior Court on May 6, 1941.

The writ was ordered to issue by *Morton,* J. The respondent alleged exceptions.

*L. E. Crowley,* (*G. D. Boynton* with him,) for the respondent.

*J. I. Yoffa,* for the petitioners.

DOLAN, J. On October 22, 1940, the petitioners, who were the officers of Local No. 14 of the International Union, United Brewery, Flour, Cereal and Soft Drink Workers of America (hereinafter called the Brewery Workers Union), filed a petition with the respondent commission under the provisions of § 5 (a) (b) (c) of G. L. c. 150A inserted by St. 1938, c. 345, § 2, seeking to be certified as representative for the purpose of collective bargaining of certain employees in a unit consisting of eleven truck drivers employed by Costello Distributing Company, Inc., a Massachusetts corporation engaged in the business of selling and distributing beer and ale.

After due notice to all parties in interest, a hearing was held before the commission on January 16, 1941, and Local No. 25 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, which like the Brewery Workers Union is affiliated with the American Federation of Labor, appeared at the hearing in opposition to the petition. The parties were in accord that the employees involved constituted a proper unit for collective bargaining. Ten of the eleven employees involved testified at the hearing that they were members of Local No. 14 and desired to be represented by it for the purposes of collective bargaining. "There was uncontradicted evidence that the Costello Company had refused to recognize Local No. 14 as the bargaining agent of the employees." On February 12, 1941, the commission rendered its decision and an opinion in which it stated, in substance, that the contending unions are both affiliated with the American Federation of Labor, that the dispute was one which the federation had power to decide, that "a majority of the commission believes that the commission should leave labor organizations free to work out their own solutions through the procedure they themselves have established for that purpose." This statement was qualified however by another to the effect that the facilities of the commission would "always be available to affiliated unions which are involved in jurisdictional disputes when the disputants are in accord as to the appropriate unit

and agree to decide the controversy by means of an election under the direction of the commission." The decision was that of a majority of the commission, who ordered that the petition be dismissed. One member of the commission filed a dissenting opinion.

Thereafter the petitioners brought the present proceeding (mandamus) to compel the commission "to make a finding whereby [*sic*] the Local #14 is certified or is not certified as the bargaining agent . . . to enter a final order on the petition for certification . . . [and] to certify or cause to be certified the Local #14 as the bargaining agent of the" employees involved. The judge ordered that the writ issue directing the commission to "render a decision as to who, if any one, is the duly authorized bargaining agent for the eleven employees alleged to constitute a unit employed by the . . ." Costello company. In view of the result we reach it is unnecessary to deal with the respondent's exceptions.

When the case was argued orally before us it was agreed by counsel for the parties that, since the case was decided in the court below, the employer, the Costello company, has made a contract with Local No. 14 under the terms of which that local has become the bargaining agent of the employees concerned, a majority of whom, it appears, desired that representation. It would seem obvious that the purpose sought by the petition for certification has thus been accomplished and that the issue presented to us for determination has become moot.

It is firmly established that the court does not consider questions that have become moot and no longer constitute live issues between the parties. *Sullivan* v. *Secretary of the Commonwealth*, 233 Mass. 543, 546. *Hubrite Informal Frocks, Inc.* v. *Kramer*, 297 Mass. 530, 534, and cases cited. *Nilsson* v. *Pearson*, 301 Mass. 228.

Under the contract entered into by the employer and Local No. 14, it would appear that it now has the same remedies before the commission, in case of an unfair labor practice consisting of a refusal by the employer to bargain collectively with it, that it would have had if it had been

certified. See § 6, Prevention of Unfair Labor Practices. Section 5 (c) provides that "Whenever a question affecting industry and trade arises concerning the representation of employees, the commission may investigate such controversy and certify to the parties, in writing, the name or names of the representatives who have been designated or selected." We are of opinion that this statute contemplates action by the commission only where a question of representation "arises," that is, where there is a live controversy as to who is or should become the bargaining agent of the employees concerned.

Since no controversy now exists with relation to any question of representation of the employees of the company involved, the order of the judge that the writ issue is reversed and the case is remanded to the Superior Court with directions to dismiss the petition.

*So ordered.*