HAROLD E. COLE vs. CHIEF OF POLICE OF FALL RIVER & others.

Suffolk.   November 10, 1942. — December 4, 1942.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Supreme Judicial Court*, Moot question. *Equity Pleading and Practice*, Decree.

The issues in a suit in equity commenced by a candidate for public office several months before a primary preceding the election, to enjoin the police authorities of a city from threatened interference with certain political advertising by the plaintiff on the ground that it was in violation of a city ordinance, had become moot when the case reached this court after the plaintiff had been defeated at the primary and the candidate of his party had been defeated at the election, although he intended to use the advertising in the city in future political campaigns.

Upon appeal from a final decree dismissing the bill in a suit in equity, where the issues involved in the suit appeared to have become moot by the time the case was reached in this court, the decree should be modified by inserting a provision that the bill was dismissed on that ground, and as so modified the decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on June 4, 1942.

The suit was heard by *Williams*, J., upon a case stated. Final decrees dismissing the bill were entered on July 27, 1942. The plaintiff appealed.

An affidavit filed by the plaintiff in this court contained the following, among other statements: ". . . it is his intention to use said sign in Fall River streets or highways in the near future and also to use it in Fall River as aforesaid in a political campaign, unless doing so is finally decided to be unlawful. That specifically plaintiff plans to be a candidate for public office in the near future in a district or territory that includes Fall River, Massachusetts, and to use said sign in the streets or highways of Fall River for the primary purpose of displaying advertising signs. . . . That he intends in the near future to use said sign in the manner aforesaid in Fall River streets to call

attention to his political or governmental views as the occa-: sion presents itself, irrespective of his candidacy for any political office, and has kept said sign and the vehicle on which it is carried intact for that purpose and has continued the license registration . . . . That in future political campaigns in said Fall River he will again be similarly and substantially handicapped through his inability to use said sign for many months during the campaign until after this court has passed upon the constitutionality of said ordinance which in the normal course of events would take more than six months from the time suit was started. The fact that he has carried on this case after the primary is proof of plaintiff's intention to continue to use signs as aforesaid in the future. . . . That this very same case will almost immediately be started on its way to this court again, is practically certain, as opposing parties have expressed their intention to carry on as they did, namely, the police chief to enforce the ordinance and the plaintiff to violate it and challenge its constitutionality in court. A decision of the court now will prevent a recurrence of the conflict with Fall River police authorities, and will save plaintiff from the handicap of again losing many months campaigning time in Fall River with said sign."

*H. E. Cole*, pro se.

*R. C. Westgate*, for the defendants.

RONAN, J. The plaintiff, a candidate for the office of representative in Congress from the Fourteenth Congressional District of Massachusetts, equipped an automobile and trailer, both registered in his name, with signs directing attention to the record of his opponent and informing the public that he was a candidate for the office. The trailer carried a large board, approximately fifteen feet long and seven feet wide, on each of the two faces of which was a sign attacking the public record of his opponent. The automobile bore a sign approximately four feet long and three feet high which announced the candidacy of the plaintiff and referred to his opponent as an ex-congressman. On the morning of May 30, 1942, while the automobile and trailer were being operated along a public street

in Fall River by an agent of the plaintiff, the said agent was informed by the defendant Verville, a captain in the police department of Fall River, that he was violating the law and, subsequently, the defendant Violette, chief of police, informed the plaintiff that he intended to enforce against him an ordinance which provided that "No person shall operate or park a vehicle on any street or highway for the primary purpose of displaying advertising signs." The plaintiff then filed this bill in equity against the chief of police, a police captain, the police board of the city of Fall River created by St. 1894, c. 351, and the mayor. The bill, with the consent of the parties, was dismissed as to the mayor. The remaining defendants intend to enforce the ordinance above mentioned and various other ordinances governing traffic on the streets of Fall River, and also the rules and regulations adopted by the State department of public works, division of highways, by virtue of G. L. (Ter. Ed.) c. 93, § 29, for the control and restriction of billboards, signs and other advertising devices. The plaintiff has appealed from a final decree dismissing the bill.

When the case was reached for argument in this court on November 10, 1942, it was properly represented by an affidavit filed by the defendants that the plaintiff had been defeated in the primary election of his party held on September 15, 1942, and that the successful candidate at this primary of the political party of which the plaintiff was a member was defeated at the election held on November 3, 1942, by the candidate of the opposing party. The plaintiff on the other hand has filed an affidavit stating that he intends to use upon the streets of Fall River in another political campaign this equipment with different messages upon it.

The aim of the bill is a permanent injunction, restraining the defendants from interfering with the operation of the plaintiff's automobile and trailer bearing the signs described in the bill upon the streets of Fall River. The occasion for the use of such signs has passed and there is now no actual controversy based upon any factual foundation existing between the parties. While there still may be a difference of opinion as to the validity of the ordinances in question,

there is no longer any present clash of contending rights. Parties are not entitled to decisions upon abstract propositions of law unrelated to some live controversy. *United States* v. *Appalachian Electric Power Co.* 311 U. S. 377. *Allen-Bradley Local No. 1111* v. *Wisconsin Employment Relations Board*, 315 U. S. 740. This rule applies with special force where an adjudication is sought upon the constitutionality of some statute or ordinance as "it is almost the undeviating rule of the courts, both state and Federal — not to decide constitutional questions until the necessity for such decision arises in the record before the court." *Baker* v. *Grice*, 169 U. S. 284, 292. *Arkansas Fuel Oil Co.* v. *Louisiana*, 304 U. S. 197. *Southern Pacific Co.* v. *Gallagher*, 306 U. S. 167. *Lane* v. *Wilson*, 307 U. S. 268. The possibility that the same issue might arise in the future and that it might be advantageous for the parties to have their rights determined in advance is not enough to call for the rendition of a judgment, which the future might show was of little practical value and merely settled a matter that had become no more than a theoretical dispute. The questions raised by the bill have become moot. *Sullivan* v. *Secretary of the Commonwealth*, 233 Mass. 543. *Brown* v. *City Council of Cambridge*, 289 Mass. 333. *Hubrite Informal Frocks, Inc.* v. *Kramer*, 297 Mass. 530. *Nilsson* v. *Pearson*, 301 Mass. 228. *Simon* v. *Schwachman*, 301 Mass. 573. *Russell* v. *Secretary of the Commonwealth*, 304 Mass. 181. *Anderson* v. *Labor Relations Commission*, 310 Mass. 590.

The final decree, in the opinion of a majority of the court, is to be modified by the insertion of a clause to the effect that the bill is dismissed on the ground that the questions raised have become moot, and the decree as so modified is affirmed with costs. *Swampscott* v. *Knowlton Arms, Inc.* 272 Mass. 475. *Nilsson* v. *Pearson*, 301 Mass. 228.

*Ordered accordingly.*