KENWORTHY & TAYLOR, INC. *vs.* STATE EXAMINERS OF ELECTRICIANS.

Suffolk. October 10, 1946. — November 29, 1946.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Electrician. Certiorari. Moot Question.*

An electrician whose license had been suspended for ten days by the State examiners of electricians under G. L. (Ter. Ed.) c. 141, § 4, was not barred from seeking to quash the suspension by the fact that the ten days had expired and his certificate had been restored to him before he filed his proceeding; the validity of the suspension had not become a moot question.

Certiorari could not be maintained by an electrician to quash a suspension of his license by the State examiners of electricians under G. L. (Ter. Ed.) c. 141, § 4, since he had an adequate remedy for review of the suspension under c. 112, § 64.

PETITION, filed in the Superior Court on February 21, 1946.

The case was heard by *Williams*, J., who dismissed the petition. The petitioner appealed.

In this court the case was submitted on briefs.

*A. G. McVey & A. T. Scigliano,* for the petitioner.

*C. A. Barnes*, Attorney General, *& R. Clapp*, Assistant Attorney General, for the respondents.

WILKINS, J.   This is a petition by an electrical contractor for a writ of certiorari, filed February 21, 1946, to quash the action of the respondent State examiners of electricians (hereinafter called the respondent board) in suspending the master electrician's license of the petitioner.   G. L. (Ter. Ed.) c. 141, § 1, as amended by St. 1943, c. 308; §§ 2, 4; § 3, as amended by St. 1934, c. 347, § 1.   From the petition it appears that after hearing upon a "complaint" for failure "to comply with the rules and requirements" of the respondent board in making an installation at the municipal airport of the city of Westfield, one Kenworthy, the president and treasurer of the petitioner, was "found guilty as charged in the complaint" and the license of the petitioner was suspended for a period of ten days from December 31, 1945, but the certificate therefor was returned at the expiration of that time.   Error is alleged in that the notice of the hearing charged a violation by Kenworthy and not by the petitioner, and was sent to Kenworthy and not to the petitioner; and in that the supposed violation concerned work excepted from the scope of G. L. (Ter. Ed.) c. 141 by § 7 thereof.   Upon motion of the respondent board the judge entered the following order: "It appearing from the facts stated in the petition that the petitioner's license had been restored to it prior to the filing of the petition it is ordered that the petition be and hereby is dismissed as a matter of law."   The petitioner appealed.

The respondent board relies upon such cases as *Mullholland* v. *State Racing Commission*, 295 Mass. 286, 289, where it was said, "When, at the time of the disposition of a cause, the situation is such that the relief sought is no longer available or of any use to the plaintiffs and a decision by the court will not be applicable to existing rights, no decision will be rendered.   The questions originally involved have become moot.   They are not proper subjects for litigation."   See also *Swampscott* v. *Knowlton Arms, Inc.* 272 Mass. 475; *Hubrite Informal Frocks, Inc.* v. *Kramer*, 297 Mass. 530, 534; *Russell* v. *Secretary of the Commonwealth*,

304 Mass. 181, 186; *Anderson* v. *Labor Relations Commission*, 310 Mass. 590, 592; *Cole* v. *Chief of Police of Fall River*, 312 Mass. 523, 525–526.

We are of opinion that the principle of the foregoing cases has no application to a person in the predicament of the petitioner. It cannot rightly be said that the petitioner, which is still in business, has no live or existing rights simply because the ten days of the suspension have expired. Obviously the suspension of the license, following the "conviction" of its president and treasurer, if not reversed, must stand as a permanent record against the petitioner. "Records of the meetings of the examiners shall be open for inspection at all times." G. L. (Ter. Ed.) c. 141, § 3 (9). It is also probable that in the event of some future complaint against the petitioner weight would be given to that record in deciding whether to formulate charges and to conduct a hearing and, should another "conviction" follow, in determining the penalty. The statute allows the respondent board to suspend or revoke the certificate for a license. G. L. (Ter. Ed.) c. 141, § 4. In these circumstances the question has not become moot. To decide otherwise would mean that a series of short suspensions could restrict the petitioner's business activities and at the same time deprive it of all opportunity for a review of the decisions no matter how contrary to law and justice they might be. See *Southern Pacific Terminal Co.* v. *Interstate Commerce Commission*, 219 U. S. 498, 515. Administrative boards seem to be regarded as a necessity in modern government, and if their decisions on the suspension of licenses, involving, as they do, the right of the individual to engage in business or profession, can by the shortness of the suspension be removed from the field of judicial review, such boards could create an intolerable tyranny. A similar result was reached in *People* v. *Harnett*, 221 App. Div. (N. Y.) 487. Our conclusion also finds support in *Commonwealth* v. *Fleckner*, 167 Mass. 13, where it was said by Holmes, J., at page 15, "We should be slow to suppose that the Legislature meant to take away the right to undo the disgrace and legal discredit of a conviction . . . merely because a wrongly convicted

person has paid his fine or served his term." While the case last cited concerned a criminal conviction, we cannot accept the respondent board's contention that its principle is wholly without application to the case at bar. See *Fiswick* v. *United States of America,* 327 U. S. 776.

It, accordingly, was error to base the order dismissing the petition upon the fact that the license had been restored. The petition was rightly dismissed, however. The State examiners of electricians are a board of registration and examination serving in the division of registration. See St. 1919, c. 350, § 63; G. L. (Ter. Ed.) c. 13, § 9; § 32, as appearing in St. 1935, c. 420, § 1, as amended by St. 1939, c. 238, § 8. It follows that the remedy of certiorari does not lie, because the petitioner has a complete and adequate remedy available to him under G. L. (Ter. Ed.) c. 112, § 64. *Flynn* v. *Board of Registration in Optometry, ante,* 29.

The order should be modified by striking out the words, "It appearing from the facts stated in the petition that the petitioner's license had been restored to it prior to the filing of the petition," and "as a matter of law," and, as so modified, it is affirmed.

*So ordered.*