WILLIAM G. HENDERSON *vs.* MAYOR OF MEDFORD.

Middlesex.   October 8, 1947. — November 4, 1947.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Moot Question.   Mandamus.*

The subject matter of a petition by a police officer for a writ of mandamus to compel his reinstatement to office on the ground of technical noncompliance with the governing statutes in proceedings resulting in his suspension for a year had become moot where it appeared that even at the time of the hearing of the mandamus case in the trial court the year of suspension had passed.

PETITION for a writ of mandamus, filed in the Superior Court on April 29, 1946.

After the decision reported in 320 Mass. 663, the case was heard on its merits by *Good,* J.

*E. J. Bushell,* (*R. G. Howland* with him,) for the petitioner.

*A. C. York,* City Solicitor, (*A. J. Kirwan* with him,) for the respondent.

QUA, C.J.   The petitioner appeals under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, from a final judgment of the Superior Court dismissing his petition for a writ of mandamus to reinstate him as a police officer in Medford.   In an appeal under this statute all questions of fact, law, and discretion are open in this court as in case of an appeal in a suit in equity.   The evidence is reported.

The case was here previously on an appeal from an order sustaining a demurrer to the petition.   We held that the petition stated a case in that upon the facts alleged "the petitioner never was given the hearing by the respondent to which he was entitled within seventy-two hours after notice of his suspension."   *Henderson* v. *Mayor of Medford,* 320 Mass. 663, at page 667.   We further held (page 668) that compensation for accrued wages was not recoverable on this

petition for a writ of mandamus. Since this decision there has been a hearing on the merits in the Superior Court.

It appears that on November 28, 1945, after a hearing on specific charges, at which the petitioner introduced no evidence in his own behalf, the mayor found the petitioner guilty of violation of the rules and regulations of the police department in (1) leaving the city without the permission of his commanding officer, (2) drinking intoxicating liquor while in uniform and on duty, (3) committing an offence against the law in that while on duty he operated his own automobile, which was involved in an accident causing property damage, and he failed to stop and make his identity known, and (4) conduct unbecoming an officer in that, while on duty, he rode with two other policemen in an automobile accompanied by women. On that date the mayor ordered the petitioner suspended from the department for a period of one year. The petitioner's contentions on his present appeal are (1) that he was not given a hearing as required by G. L. (Ter. Ed.) c. 31, § 43, (a), (e), as appearing in St. 1945, c. 667, § 1 (see now St. 1947, c. 373, § 1), within seventy-two hours after a temporary suspension made on November 12 pending a hearing, and (2) that he was not given "a printed form which shall state his rights under the civil service law" as required by said section. A comparison of the judge's findings with the evidence seems to indicate that the judge found that the hearing was begun within the period of seventy-two hours and was thereafter postponed at the request or with the consent of the petitioner and so complied with the statute, and that the printed form was given to the petitioner as required by the statute. The argument before us on appeal revolved about the questions whether each of these conclusions could be supported upon the pleadings, the evidence, and the law.

We are of opinion that we should not decide either question. The petitioner was not permanently removed from his position. At most he was suspended for a period of one year, which had expired by November 28, 1946. At that time the petitioner was entitled to return to work. It must be presumed that he did so. If he did not, the reason must

have been his own volition not to return, his inability to return, or a refusal to permit him to return, with or without cause. In any case the legality of his suspension on November 28, 1945, is immaterial. If he has been wrongfully prevented from returning he has a new cause of action for that wrong wholly distinct from the cause of action upon which the present petition was brought.

It has already been decided that the present petition cannot be employed to determine the petitioner's right to compensation during the period while he was prevented from working. This proceeding, if not dismissed, could result only in the issuance of a writ which would be "a present, peremptory command and should be legally enforceable at the time the writ is issued." *Clifford* v. *School Committee of Lynn,* 275 Mass. 258, 260. Such writ would be unnecessary and futile if issued with respect to an alleged suspension which has already expired. If there has been some subsequent denial of the petitioner's right to his position, such subsequent denial has not been the subject of allegation or proof and no writ can issue in this case with respect to it. In other words, the subject matter of this proceeding has become moot. *Sullivan* v. *Secretary of the Commonwealth,* 233 Mass. 543. *Gabis, petitioner,* 240 Mass. 465. *Swampscott* v. *Knowlton Arms, Inc.* 272 Mass. 475. *Brown* v. *City Council of Cambridge,* 289 Mass. 333. *Mullholland* v. *State Racing Commission,* 295 Mass. 286, 288–289. *Hubrite Informal Frocks, Inc.* v. *Kramer,* 297 Mass. 530, 533–534. *Russell* v. *Secretary of the Commonwealth,* 304 Mass. 181, 186. *Anderson* v. *Labor Relations Commission,* 310 Mass. 590.

This case differs from *Kenworthy & Taylor, Inc.* v. *State Examiners of Electricians,* 320 Mass. 451, where it was held that a petition for a writ of certiorari to quash the action of the State examiners of electricians in suspending the petitioner's license had not become moot by reason of the restoration of the license. In that case it was still possible to quash the record of the petitioner's "conviction" and so to relieve him of any adverse imputation founded upon it. A petition for a writ of mandamus does not lead to the quashing of any record. Moreover, it would seem that the

existence of the record against the petitioner could do him no wrong in this instance. His objections to the procedure are wholly technical. At the hearing in the Superior Court the judge said, "I understand you do not disagree with the mayor's acts in any way," and the petitioner's counsel replied, "No, we have no quarrel as to the merits in this case. We are only complaining about the conduct of the hearing." The petitioner himself testified that he was convicted in the District Court and fined "for the offence of going away after injuring property" and for operating a motor vehicle while under the influence of liquor and paid his fines, and that these convictions arose out of the same set of facts involved in the charges on which he was suspended.

This case had become moot before the hearing on the merits in the Superior Court, and even a few days before it was submitted on briefs to this court on the appeal from the order sustaining the demurrer, but that fact was not then brought to our attention and passed unnoticed.

The judgment is to be modified so as to read "The subject matter of this petition having become moot, the petition is dismissed," and as so modified is affirmed.

*So ordered.*