ARTHUR A. MONTEIRO & another *vs.* SELECTMEN OF FALMOUTH.

Barnstable. January 8, 1952. — February 6, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Moot Question.*

A certiorari proceeding to quash an estimate of the temporary increased resident population of a town made by the licensing authorities thereof under G. L. (Ter. Ed.) c. 138, § 17, as appearing in St. 1933, c. 376, § 2, and as amended, was ordered dismissed on the ground that the matter had become moot where it appeared that the seasonal licenses issued under such estimate had expired before the case was presented to this court.

PETITION, filed in the Superior Court on August 20, 1951. The case was heard by *Donahue*, J., on demurrer.

*P. G. Archambault,* for the petitioners.

*J. P. Sylvia, Jr.,* for the respondents.

, RONAN, J. This is a petition for a writ of certiorari against the respondents, the local licensing authorities of Falmouth, alleging that the respondents, purporting to act under G. L. (Ter. Ed.) c. 138, § 17, as appearing in St. 1933, c. 376, § 2, and as amended, on February 27, 1951, estimated that the temporary increased resident population of the town as of July 10, 1951, would be 30,000. The petition further alleges that the housing accommodations are not sufficient to care for such a temporary summer increase; that such an increase did not exceed 15,000; that the estimate of the respondents was arbitrary and capricious, was made in absolute disregard of all known existing data and facts upon which a bona fide legal estimate should have been made, and was not computed in the exercise of sound judgment based on investigation and ascertainment of facts; and that the respondents in accordance with their estimate have issued thirty seasonal licenses, each for the current licensing period from April 1, 1951, to November 30, 1951, for the sale of alcoholic beverages to be drunk on the premises. The petition prays that the estimate be quashed and that fifteen of these seasonal licenses, including one granted to be exercised on premises adjoining those of the petitioners, be revoked. The petitioners appealed from an order sustaining a demurrer.

The estimate which is challenged has spent its force and is no longer of any vitality. Estimates are to be made annually. All of the seasonal licenses which were permitted under the estimate and were in fact issued expired on November 30, 1951. The controversy described in the petition had come to an end by lapse of time before the case was presented to this court. We do not decide issues which are no longer alive. Neither do we issue the writ of certiorari or quash proceedings when action would amount to no more than an idle gesture. The controversy has become moot

and courts do not decide such controversies. *Sullivan* v. *Secretary of the Commonwealth*, 233 Mass. 543, 546. *Swampscott* v. *Knowlton Arms, Inc.* 272 Mass. 475, 476. *Henderson* v. *Mayor of Medford*, 321 Mass. 732, 734.

We do not pass upon the order sustaining the demurrer. Judgment is to be entered dismissing the petition on the ground that the matter has become moot. *Nilsson* v. *Pearson*, 301 Mass. 228. *Cole* v. *Chief of Police of Fall River*, 312 Mass. 523.

*So ordered.*