JULIA B. GREAVES'S CASE. November 30, 1962. Decree affirmed. The reviewing board adopted the findings and decision of the single member awarding compensation to the employee, including a finding that the employee suffered injury "in the course of her employment by reason of the dusty conditions prevailing in her employment in the spring of 1958; [and] that . . . a probable latent tuberculosis became exacerbated or activated." We cannot say that the board's conclusion was not warranted by the somewhat confused and conflicting evidence or that it was insufficiently supported by adequately explicit medical testimony from doctors who in fact attended the employee. There was no error in the board's denial of a motion to strike certain medical testimony. Costs and expenses of this appeal shall be allowed by the single justice.

*Philip J. Ryan* for the insurer.
*Milton J. Donovan* for the employee.

ANNA MARIE MIRABELLI *vs.* FRANK MIRABELLI (and a companion case). November 30, 1962. Decrees affirmed. By decree in the Probate Court, a husband was committed to jail for contempt by reason of his failure to pay $50 of arrears in payments directed by an earlier decree of separate support. He was released from jail upon making payment. Assuming (without deciding) that this matter relating to a civil contempt is not moot (see *Kenworthy & Taylor, Inc.* v. *State Examrs. of Electricians,* 320 Mass. 451, 453–454; *Garabedian* v. *Commonwealth,* 336 Mass. 119, 120), the report of material facts reveals no error. Upon a petition in equity, the husband by decree was directed to return to the wife certain rings or the value thereof, and to pay to her one half of the cash wedding gifts to the couple, who separated less than two months after their marriage. The evidence is conflicting and confused. No stenographer was present on one day of trial, and the parties then agreed to proceed despite the absence of a stenographer. The evidence thus is not all before us. Upon this record, we cannot say that the probate judge was not justified in his findings (a) as to the amount of the cash gifts, and (b) that the husband had "obtained possession of . . . [the] rings."

*Irene E. Goldbarg* for Frank Mirabelli.
*Robert E. Galvin* for Anna Marie Mirabelli.