COMMONWEALTH *vs.* JOHN H. BANNON.
SAME *vs.* PHILIP HASSEY.
SAME *vs.* DANIEL S. WOODMAN.

A term of court which has been duly opened is not discontinued by reason of the absence of the judge, leaving the court open meanwhile without adjournments from day to day, for a period of seven days, during which he holds a term of court in another county; nor is an indictment presented in court by the grand jury, after the judge's return, invalid because some of the witnesses in the case were heard by them during the judge's absence from the county.

THREE INDICTMENTS for being common sellers and making unlawful sales of intoxicating liquors. Each indictment purported to have been found at December term 1866 of the superior court for Hampden, the first day of which term was Monday, December 3, and to have been returned into court on Tuesday, December 11. The pleadings were the same in each case.

In each the defendant filed a special plea in bar, averring " that upon December 3 the criminal term of this court provided for by law was opened, the Hon. Lincoln F. Brigham, one of the justices thereof, presiding; that upon said day said justice left the court-house, the grand jury being in session, and went out of the county and away from the court, and presided at a term of this court in another county, and neither said justice nor any other justice of said court was present at the court-house or within the county during the examination of cases by said grand jury. nor until December 10; that during the interim and between said dates the grand jury who found this indictment did continue to meet at nine o'clock in the morning of each day, and remain in session from that hour until six o'clock in the afternoon, taking a short recess at noon, and did during all this period hear testimony and examine witnesses; that before said judge left the county witnesses were heard in the defendant's

Commonwealth *v.* Bannon, Hassey & Woodman.

case and sworn, and also other witnesses during the aforesaid period while no judge of said court was in attendance or within the county; that on December 10, there having been no continuance until said day, but the court remaining open, said justice undertook to proceed with said term of the court, and that on December 11, while said judge was in attendance upon court, this indictment, with others, was presented separately to the consideration of the grand jury by the district attorney, was passed upon and made a subject of vote, and on said December 11 the grand jury presented this and other indictments in said court in due form ; " and alleging " that said grand jury had no right to hear any testimony or to find this, or any other indictment, under said circumstances, and that said term was ended and abandoned " by the facts averred.

To these pleas in bar the attorney for the Commonwealth filed in each case a general demurrer, which *Brigham*, J., sustained and ordered the defendants to plead further; from which ruling they appealed.

Each thereupon, entering a plea of not guilty, filed, before the impanelling of the jury, a motion to quash his indictment, verifying or offering to verify such motion by his oath, which motion varied from the pleas in bar only in averring " that this indictment was found by said grand jury after the departure of said justice, and during said interim, and while no justice of said court was in attendance or within the county ; " " that no witnesses were heard in his case by the grand jury, and none sworn in his case except during the aforesaid period, and while no judge of said court was in attendance or within the county ; " and that on said December 10, there having been no continuance to said day, said justice undertook to proceed with said term of the court."

These motions were overruled ; and, on trial, a verdict of guilty was returned against each defendant, whereupon each filed a motion in arrest of judgment containing precisely the same averments as the motions to quash. These being also overruled, the defendants alleged exceptions to the rulings on both motions.

*G. M. Stearns,* for the defendants. The grand jury, being merely an appendage of the court, cannot have or exercise power except while the court is in session. *Heard* v. *Pierce,* 8 Cush. 338. 1 Chit. Crim. Law, 314–319. 1 Archb. Crim. Proc. (Waterman's ed.) 98. The statutes contemplate the continued presence of the judge while the grand jury are in session. Gen. Sts. *c.* 171, §§ 4, 5, 7, 8, 11, 12. If no judge is present from day to day, the term lapses. *Middlesex Special Commission,* 6 C. & P. 90. *A fortiori,* if the judge is holding another term in another county. The term could not remain open. The judge, away from the court-house, could lend no aid to the continuance of it. *Sargent* v. *Roberts,* 1 Pick. 337. It would have been a direct violation of the statutes for the court to remain open December 9, which was the Lord's day. Gen. Sts. *c.* 122, § 4. They provide for an adjournment by the sheriff, in the absence of the judge, to prevent a lapsing of the term. Gen. Sts. *c.* 115, § 20.

There are grave reasons of public policy why the judge should be present during the sessions of the grand jury : to preserve order and compel proper behavior of witnesses; *Heard* v. *Pierce, ubi supra;* to prevent or punish corrupt practices by jurors; *Scarlet's case,* 12 Co. 98 ; to prevent persons not properly drawn from serving on the panel; *Commonwealth* v. *Davis,* reported in *Commonwealth* v. *Parker,* 2 Pick. 559 ; to permit amendments of returns of constables; *Commonwealth* v. *Parker, ubi supra;* to give instructions from time to time as to the competency of evidence laid before them ; *State* v. *Fellows,* 2 Hayw. 340; *United States* v. *Coolidge,* 2 Gallis. 364–367 ; to hear any suggestion that any friend of the court may make as to the personal qualifications of jurors; *Commonwealth* v. *Smith,* 9 Mass. 107 ; and to receive the presentments of the grand jury, that persons under recognizance may not be compelled to await the uncertain time of return of a judge absent for an indefinite period The courts have always interfered in cases of irregular action by the grand jury. Besides cases cited above, see *Commonwealth* v. *Ryan,* 5 Mass. 90 ; *Rex* v. *Dickinson,* Russ. & Ry. 401 ; *Low's case,* 4 Greenl. 439 ; *State* v. *Cain,* 1 Hawks, 352. In some of

**these** the court interfered upon motions in arrest, after the **in-dictments** had been presented, filed and pleaded to, and in others after conviction and sentence.

*C. Allen*, Attorney General, for the Commonwealth. The court may have been adjourned from day to day by an officer, under Gen. Sts. *c.* 115, § 20 ; or it may have remained open all the time. On either construction, the term did not lapse. A temporary absence of the presiding judge from the court-room, town or county will not have this effect, even while cases are on trial before a traverse jury. A verdict may be found and sealed up by such a jury when no judge is in the county. Many acts may be done, implying the existence of the court, without the presence of a judge. This doctrine is especially applicable to sessions of the grand jury. They are a coördinate and in many respects independent branch of the court. Formerly they were more subject to the control of the judge than now. *Shaftesbury's case*, 8 Howell St. Tr. 760. Gen. Sts. *c.* 171, §§ 7, 9. They are not a judicial, but an accusing tribunal. 4 Bl. Com. 303. In conducting their investigations, they fix their own hours of work and of adjournment, and decide on the order of taking up cases, of calling witnesses, and what witnesses to call, without consulting the judge. *Commonwealth* v. *Ridgway*, 2 Ashm. 259. In practice, after the first term of the year they do not come into the presence of the judge, except to return indictments. The attendance of a judge, during their sessions, seems important only for the purpose of giving additional instructions, or of deal-'ng with refractory witnesses. But these are for the convenience of the grand jury. Persons charged with crime have no concern ~vith them. If the grand jury themselves can dispense with the ›ther branch of the court, during their deliberations, nobody else ñas reason to complain. And if the judge need not be in constant attendance, in the court-room, town or county, while the grand jury are holding their sessions, where is the limit ?

Besides there being no doctrine in the law, there also is no reason of policy requiring that the temporary absence of a judge, during the session of a grand jury from the town or county, awaiting notice from them of their need of his presence, shou d

be held to cause a term to lapse, contrary to his or their inten-tion. The application of such a rule would be ill adapted to the condition of social life and means of transportation in Mas-sachusetts.

If the term of court did not lapse, the indictment was well found. After the finding of an indictment, the court will not inquire, for the benefit of the defendant, as to the evidence be-fore the grand jury. *State* v. *Dayton,* 3 Zabr. 49. *Regina* v. *Russell,* Car. & Marshm. 247. *The King* v. *Dodd,* 1 Leach, 155. *Jillard* v. *Commonwealth,* 26 Penn. State, 169. *State* v. *Fasset,* 16 Conn. 466. *People* v. *Hulbut,* 4 Denio, 133. *Bloomer* v. *State,* 3 Sneed, 66. *State* v. *Boyd,* 2 Hill, (So. Ca.) 288. *United States* v. *Reed,* 2 Blatchf. C. C. 435. Objections to the competency of the grand jurors themselves rest on different grounds.

An indictment has vitality from the time of its return into court. If it comes from a legal grand jury, and is returned at a legal time or term, it cannot be impeached on the ground that it was not regularly found. Neither the absence of witnesses to testify, nor of an officer to attend them, will invalidate their proceedings. See *Commonwealth* v. *Woods,* 11 Cush. 477 ; *State* v. *Perry,* Busbee, 330.

The cases supplementary to 6 C. & P. 90, which was cited by the defendants, are *Rex* v. *Bowman,* 6 C. & P. 101, 337 ; *The King* v. *Justices of Middlesex,* 5 B. & Ad. 1113 ; *The King* v. *Marsh,* 6 Ad. & El. 249.

BIGELOW, C. J. Assuming that the question which the de-fendant seeks to raise in this case, is rightly before us, we are all of opinion that there has been no irregularity in the proceedings of the grand jury, and that the indictment against the defendant has been duly found and presented.

It is true, as the defendant contends, that the grand jury is a constituent part or branch of the court, and that it can be organ-ized and empowered to discharge the legal functions imposed on it only by virtue of the authority which it derives as a body of men sworn and impanelled in open court in the mode pre-scribed by law, (Gen. Sts. *c.* 171, §§ 1–6,) and that the exercise of their functions is limited to the time during which the term

of the court at which they are summoned to attend continues. But it is also true, that after they are duly organized, the larger part of their legitimate functions is to be performed by them as a separate and independent body acting by themselves apart from the court, and that in their deliberations and action they are subject to no control or direction other than that which they may receive in the charge of the court before they proceed to enter on their duties, (Gen. Sts. *c.* 171, §§ 7–10,) or by instructions subsequently given to them in open court. No doubt they may, if they see fit, invoke the powers of the court to assist or protect them in the performance of their duties. *Heard* v. *Pierce*, 8 Cush. 388. This is a right which appertains to the body as an "appendage" or branch of the court, and is essential to enable it to perform its legal duties with efficiency and without interruption or molestation. But the existence of such right does not lead to the inference which the counsel for the defendant seeks to draw from it. It does not follow that the grand jury can properly exercise none of their functions without the actual presence or aid of the court, because they cannot issue process to compel the attendance of witnesses or to punish disorderly and contemptuous behavior. In all matters within the scope of their authority, on which it is their legal duty to deliberate and to act by themselves, their power is plenary. Its exercise cannot be controlled or interfered with by the court. If the jury are duly summoned and impanelled; if all their proceedings are regular, and their presentments are duly made to the court, we are at a loss to see on what ground it can be plausibly maintained that any legal formality is wanting which is necessary to give validity to their action. Certainly no essential right or privilege of an accused party can be said to be in any degree violated or infringed. No part of the proceeding would have been different, if the court had continued in actual session during the entire time while the jury were engaged in the transaction of the business before them. The temporary absence of the judge from the city and county, while the term of the court was held, can have had no possible effect on the proceedings.

But it is said that on the facts stated in the defendant's plea

the term of the court had lapsed, and that no further valid act could be done after the time when the judge returned and resumed the transaction of business in open court. Such a result would certainly be contrary to the intent with which the course adopted by the judge was taken. It is not a case of neglect or omission to hold a term of the court at the time appointed by law. The court was duly opened for the transaction of business, and it was allowed to continue without adjournment from day to day for the very purpose of enabling the grand jury to perform that portion of their duty which did not require the presence and action of the judge, while he was absent exercising judicial functions in another county. We know of no rule of law which requires during a continuance of a term, after it has been properly begun, either that there should be daily adjournments of the court, or that the judge should remain in the town or county where the court is holden during the whole time that juries, either grand or petit, are engaged in deliberating and acting on matters properly submitted to their consideration. Such has never been the practice in this Commonwealth, and to require it would cause serious inconvenience, while it would produce no practical benefit in the administration of justice.

It has never been supposed that the verdict of a jury was invalid, because it was found and signed at a time when the court was not in actual session, or that it was essential to the due and orderly discharge of the duties of traverse jurors that the judge should be always at hand during their deliberations, so that he might at any moment be called into court. All that has ever been deemed necessary is, that the court should be opened and the judge should be present whenever it is necessary that any proceeding should take place which the law requires to be had in the presence and with the concurrence or sanction of the court. We can see no reason why the same rule is not applicable to the proceedings of the grand jury. See *Heard* v. *Pierce*, *ubi supra.* The facts of that case, as they existed at the time the assault took place, are not fully stated. But it is well known to some of us, that the grand jury were conducting the business

before them at that time under circumstances substantially the same as existed when the present indictments were found.

*Exceptions overruled.*