GRAND JURORS FOR WORCESTER COUNTY FOR THE YEAR 1951 & another *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.    May 5, 1952. — May 29, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Grand Jury.    District Attorney.    Moot Question.*

The question involved in a suit for a declaratory decree brought by the grand jurors for a county for a certain year, in which the district attorney joined as party plaintiff, became moot as to those grand jurors upon the expiration of their period of service.

The grand jurors for a county and the district attorney had no standing to maintain a suit for a declaratory decree respecting a controversy between them and the commissioner of corporations and taxation; a ruling on the subject matter of the controversy by the judge presiding over the sitting of the grand jurors was final as to them and the district attorney.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on October 19, 1951.

*Wilkins,* J., reserved and reported the case without decision.

*Charles N. Dewey,* Assistant District Attorney, (*A. Andre Gelinas,* Assistant District Attorney, with him,) for the plaintiffs.

*H. William Radovsky,* Assistant Attorney General, for the defendant.

WILKINS, J.    The plaintiffs are the district attorney for the middle district and those who were the grand jurors for Worcester County for the year 1951. In May, 1951, the grand jurors were conducting an investigation of illegal lotteries in Worcester County. The defendant commissioner

of corporations and taxation was under summons as a witness to produce certain documents, known as Forms 3P, which in many instances contained evidence of crime and admissions of the commission of crime by individuals engaged in criminal activities in Worcester County. The commissioner refused to deliver the documents to the grand jury when requested by them and by the district attorney. This bill in equity seeks binding declarations, in part, that disclosure of the information contained in Forms 3P would not be in violation of G. L. (Ter. Ed.) c. 62, § 58, and that such information would be admissible in grand jury proceedings against persons filing the forms. G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1. The facts were agreed. The single justice reserved and reported the case without decision. G. L. (Ter. Ed.) c. 211, § 6.

Form 3P was prescribed by the commissioner purportedly pursuant to G. L. (Ter. Ed.) c. 58, § 31, inserted by St. 1937, c. 135, § 1. The forms were used by the commissioner for the purpose of securing reports of the amounts paid out by operators of illegal lotteries, prize contests, or other games of chance, either in money or in merchandise, to the several winners, and of sums of money withheld by the operators from the amounts won, in most cases with the knowledge of the winners, who were informed that they would not be obliged to make returns of the winnings because the operators would do so. The commissioner required the operators to make out and file the forms under a threat of arbitrary tax assessments against them. G. L. (Ter. Ed.) c. 62, § 36, as amended by St. 1933, c. 167, § 2. On the face of Form 3P at the top under "Income Tax Return" appear the words "For Clubs and Other Organizations not Engaged in Business for Profit," and under "Directions" appear certain words which purport to be directions for the use of the form but which in fact have no relation to the use to which the form is put and are not intended to have any such relation.

The questions as to the rights of the grand jury to receive the forms and as to the obligations of the commissioner under G. L. (Ter. Ed.) c. 62, § 58, were submitted to the judge of

the Superior Court presiding at the Worcester County criminal session. He ruled that Forms 3P were returns filed under c. 62, and, therefore, could be considered by the grand jury only in regard to possible violations of c. 62. The returns were surrendered by the commissioner for use in accordance with that ruling.

So far as concerns the grand jurors for the year 1951 the controversy is moot. *Henderson* v. *Mayor of Medford*, 321 Mass. 732, 734. *Monteiro* v. *Selectmen of Falmouth*, 328 Mass. 391. See *National Shawmut Bank* v. *Morey*, 320 Mass. 492, 497. The plaintiff jurors are no longer in service. G. L. (Ter. Ed.) c. 277, § 1. See *Commonwealth* v. *Rich*, 14 Gray, 335, 336. They have no control over, or connection with, the grand jurors for the year 1952 or the problems confronting the grand jury in 1952. The district attorney, although pressing the bill jointly with the grand jurors for last year, is still in office. We, accordingly, express our view upon one aspect of the case which, in our opinion, is decisive.

The grand jurors do not constitute an independent organization or body in our judicial system. They can be organized and empowered to discharge the legal functions imposed upon them only by virtue of the authority they derive as a body of men sworn and empanelled in open court in the manner prescribed by law. G. L. (Ter. Ed.) c. 277, § 5. Like the petit jury, they are an appendage, a branch, an integral part of the court acting under the authority of the court. The bills they find are returned to the court, and when their deliberations are ended, they are dismissed by the court. *Heard* v. *Pierce*, 8 Cush. 338, 341, 345. *Commonwealth* v. *Bannon*, 97 Mass. 214, 218. *Commonwealth* v. *McNary*, 246 Mass. 46, 50. *Commonwealth* v. *Ventura*, 294 Mass. 113, 120. *Wilson* v. *United States*, 77 Fed. (2d) 236, 240–242 (C. C. A. 8). The right to relief in these proceedings is not enlarged by the presence of the district attorney as a party plaintiff. *In re National Window Glass Workers*, 287 Fed. 219, 225 (D. C. N. D. Ohio).

In the present instance the judge presiding over the sitting of the grand jury made a ruling with which the com-

missioner complied. So far as the grand jurors and the district attorney were concerned, that ruling was final. They are not empowered as parties to seek a review in this court.

*Bill dismissed.*