369 Mass. 876 (1976)
343 N.E.2d 844
GRAND JURORS FOR MIDDLESEX COUNTY FOR THE YEAR 1974 & another[1]
vs.
KENDALL WALLACE (and a companion case[2]).
Supreme Judicial Court of Massachusetts, Middlesex.
February 2, 1976.
March 5, 1976.
Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.
Alan L. Kovacs, Assistant District Attorney (Bonnie H. MacLeod-Griffin, Assistant District Attorney, with him) for the plaintiffs.
Efthemios J. Bentas for the defendants.
*877 HENNESSEY, C.J.
The sole issue in this case is whether the district attorney had power, inherent in his office, to grant a witness in a criminal case transactional and use immunity in exchange for his testimony. We conclude, as did the Superior Court judge whose judgments are here appealed, that the district attorney had no such power.
The facts are as follows. The defendants are reporters for a newspaper, the Lowell Sun. In June, 1974, the defendants were summoned before the grand jury and were asked certain questions.[3] They declined to answer these questions, claiming a "newsman's privilege" under the First Amendment and a privilege against self-incrimination under the Fifth Amendment. The judge ruled that no First Amendment privilege existed, but that the defendants had a Fifth Amendment privilege and need not testify.
On November 14, 1974, the defendants were again summoned before the grand jury. Each was presented with a document entitled "Commonwealth's Offer of Immunity." The two documents, which were identical except for the name of each defendant, read:
"November 14, 1974 COMMONWEALTH'S OFFER OF IMMUNITY
1. The Commonwealth will not prosecute any indictment or complaint which (a) charges ... [the defendant] with contempt of court or obstruction of justice at any time between January 1, 1973 and the date of this letter, and (b) is based on any allegation that ... [the defendant] *878 has interfered with, impeded or obstructed the Middlesex County Grand Jury or has revealed testimony before or deliberations of said Grand Jury. 2. The Commonwealth will not prosecute any indictment or complaint charging ... [the defendant] with an attempt to commit any of the aforementioned offenses, or with being an accessory to any of the aforementioned offenses, or with misprision of any of the aforementioned offenses, or with conspiracy to commit any of the aforementioned offenses or with any conspiracy to achieve an object mentioned above. 3. The Commonwealth will not introduce into evidence in any criminal proceeding against ... [the defendant] (except a proceeding for perjury committed during ... [the defendant's] testimony) either any testimony given by said ... [defendant] before the Middlesex County Grand Jury or before the Superior Court or any facts learned as a consequence of such testimony."
The two documents were signed by an assistant district attorney for the Northern District.
Each of the defendants then was asked once again the questions which he had refused to answer previously. Each again refused to answer, claiming a First and Fifth Amendment privilege. The plaintiffs then brought this action in the Superior Court requesting that the defendants be ordered to answer certain questions posed to them before the grand jury and that the judge exercise his civil contempt power to enforce the order. The judge refused this request, ruling that the defendants had validly claimed their Fifth Amendment privilege against self-incrimination. The plaintiffs appealed.
Thus the only issue before us is whether the district attorney had power to grant immunity to the defendants in this case. The judge ruled that the district attorney had no such power. There was no error. We concur with the decision of the judge and with his stated reasoning that the Legislature has made it clear by certain *879 legislative enactments that the prosecutor has no power to grant immunity.[4]
It is clear that a witness called to testify before a grand jury may be granted immunity from prosecution only in the manner prescribed by statute. General Laws c. 233, §§ 20C-20I, were enacted in 1970[5] and provide that immunity may be conferred on a witness before a grand jury only by order of a Justice of the Supreme Judicial Court. We agree with the reasoning of the Superior Court judge here where he said, "I rule the statutory plan preempts the subject and leaves no residual authority in the several district attorneys or in the Superior Court to grant immunity from prosecution."
It is true that it is nowhere expressly provided in the statutory scheme that immunity may be granted only in the manner shown therein. Also, the statutes provide that immunity may be granted thereunder only in proceedings or investigations concerned with certain specified crimes. G.L.c. 233, § 20D.[6] From these provisions, *880 the plaintiffs argue that power presently remains in the prosecutor to grant immunity as to crimes not enumerated in the statute.[7] We do not agree. The broad and inclusive list of offenses in the statute demonstrates the legislative intent that, as to crimes not specified, no immunity shall be granted.
The plaintiffs also rely, and we believe mistakenly, upon certain of this court's rulings in Matter of DeSaulnier (No. 2), 360 Mass. 761, 764 (1971). There it was said, "To the extent of any stipulation of immunity made by or in behalf of the Attorney General, or by a District Attorney with the approval of the Attorney General, and relied upon by Baker by giving testimony, applicable Massachusetts law requires this court to ensure that the public faith pledged to Baker is duly and fully kept and that the stipulation of immunity is enforced in good faith and fairly so as to constitute an effective grant of immunity in accordance with the terms of the stipulation. Commonwealth v. Benton, 356 Mass. 447 [1969]." The plaintiffs argue that in this language, which this court advanced after the effective date of the "immunity" statutes, there is a recognition of a present residual power in the prosecutor to confer immunity upon grand jury witnesses. We do not construe the language in that way. The DeSaulnier proceeding was not concerned with grand jury proceedings. Further, it is clear that immunity was conferred in that case by the court, not the prosecutor, even though the offer of immunity originated in a stipulation proffered to the court by the prosecutor. It is significant, also, that the proceedings were held before the Supreme Judicial Court, in which the Legislature by G.L.c. 233, §§ 20C-20I, had placed the power to grant immunity.
*881 We conclude also that, so far as this matter concerns the grand jurors who are plaintiffs here, the controversy is moot. See Henderson v. Mayor of Medford, 321 Mass. 732, 734 (1947), and cases cited. These jurors are no longer in service. G.L.c. 277, § 2B. Grand juries do not exist independently and continuously in our judicial system. Rather, like the petit jury, they are an appendage of the court acting under the authority of the court. The bills they find are returned to the court and, when their deliberations are ended, the jurors are dismissed by the court. This grand jury deliberated in 1974. There is nothing in this record to show that they are still in service. On the contrary, we take notice that in the ordinary course of events their service presumably has long since ended. "The right to relief in these proceedings is not enlarged by the presence of the district attorney as a party plaintiff.... So far as the grand jurors and the district attorney were concerned, that ruling [by the judge presiding over the sitting of the grand jury] was final." Grand Jurors for Worcester County for the Year 1951 v. Commissioner of Corps. & Taxation, 329 Mass. 89, 91-92 (1952).
In light of our conclusions, we need not consider other arguments of the defendants, particularly their argument that the plaintiffs have no right of appeal here since, the defendants say, no such right resides in G.L.c. 278, § 28E, in a case such as this, nor does it reside in the appeal provisions of the "immunity" statute (G.L.c. 233, § 20H) because the plaintiffs have not proceeded under that statute.
Judgments affirmed.
NOTES
[1] The district attorney for the Northern District.
[2] Grand Jurors for Middlesex County for the Year 1974 & another vs. Frank Phillips.
[3] The questions related to an investigation into alleged official misconduct in Dracut. They arose from certain stories printed in the Lowell Sun under the defendants' by-lines. Some of the questions were directed to the source of the defendants' apparent knowledge of the matters under investigation; others were directed to the source of the defendants' apparent knowledge of grand jury proceedings. The parties do not consider the subject matter of these questions to be relevant; there is no assertion that the judge was in error in his ruling that the Fifth Amendment was applicable.
[4] We are not faced with here, and do not rule on, the issue whether the trial judge has power to grant immunity apart from the procedure and provisions of the legislative enactments referred to.
[5] St. 1970, c. 408.
[6] The crimes are listed as follows: "abortion, arson, assault and battery to collect a loan, assault and battery by means of a dangerous weapon, assault to murder, breaking and entering a dwelling house or a building, bribery, burning of a building or dwelling house or other property, burglary, counterfeiting, deceptive advertising, electronic eavesdropping, embezzlement, extortion, firearm violations, forgery, fraudulent personal injury and property damage claims, violation of the gaming laws, gun registration violations, intimidation of a witness or of a juror, insurance law violations, kidnapping, larceny, lending of money or things of value in violation of the general laws, liquor law violations, mayhem, murder, violation of the narcotic or harmful drug laws, perjury, prostitution, violations of environment control laws (pollution), violations of conflicts of interest laws, consumer protection laws, pure food and drug law violations, receiving stolen property, robbery, subornation of perjury, uttering, being an accessory to any of the foregoing offenses and conspiracy or attempt or solicitation to commit any of the foregoing offenses."
[7] Although it is not entirely clear from the record, it appears that the only crimes which could be involved here are contempt of court and obstruction of justice. These are the crimes specified in the offers of immunity referred to, supra. Neither of these crimes is specified in the statute as a crime for which immunity may be granted.