PETITION OF THE DISTRICT ATTORNEY FOR THE PLYMOUTH DISTRICT.

Suffolk. March 7, 1984. — April 23, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Grand Jury. Witness,* Immunity. *Constitutional Law,* Self-incrimination. *Supreme Judicial Court,* Superintendence of inferior courts.

Where a witness was summoned to testify before a grand jury for the sole purpose of obtaining his testimony at a forthcoming murder trial and the grand jury was not involved in any ongoing investigation into the victim's death, the witness could not be granted immunity pursuant to G. L. c. 233, § 20E. [725-728]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on December 5, 1983.

The case was reported by *Lynch, J.*

*Robert S. Sinsheimer,* Assistant District Attorney, for the Commonwealth.

*Willie J. Davis* for the defendant.

LIACOS, J. Seeking to compel testimony from a witness who claimed his Fifth Amendment privilege before a grand jury, the district attorney for the Plymouth District filed an application for a grant of immunity with a single justice of the Supreme Judicial Court for Suffolk County. See art. 12 of the Massachusetts Declaration of Rights; U.S. Const. amend. V; G. L. c. 233, § 20E.[1] The single justice heard argument from counsel

---

[1] The Fifth Amendment to the United States Constitution provides in relevant part: "No person . . . shall be compelled in any criminal case to be a witness against himself . . . ."

Article 12 of the Massachusetts Declaration of Rights provides in relevant part: "No subject shall be . . . compelled to . . . furnish evidence against himself."

General Laws c. 233, § 20E, inserted by St. 1970, c. 408, provides in relevant part: "A justice of the supreme judicial court may, upon application

for both parties, and reserved and reported the matter to the full bench.

The Commonwealth contends that the single justice had the power to grant immunity pursuant to § 20E, since the witness had claimed his privilege against self-incrimination and refused to testify before a grand jury proceeding. Alternatively, the Commonwealth claims that the single justice should have granted the immunity under the court's constitutional and statutory superintendency authority. See G. L. c. 211, § 3. Finally, the Commonwealth asserts that the witness should be compelled to testify without a grant of immunity since he waived his Fifth Amendment privilege by answering questions about the same matter before a different grand jury.[2]

· The witness contends that the Commonwealth has not followed the statutory procedure for obtaining a grant of immunity and, instead, has abused the grand jury process by requiring the witness to appear before a grand jury for the sole purpose of obtaining testimony in a forthcoming murder trial of another person. Therefore, the witness asserts that immunity should not be granted in this case.[3] We conclude that the Commonwealth has not adhered to the prescribed procedure for seeking immunity and seeks improperly to utilize the grand jury process in an attempt to immunize the witness. Furthermore, we conclude that the question whether the witness has waived his Fifth Amendment privilege by testifying at a previous grand jury proceeding is a matter best left to the determination of a trial judge.

The parties have stipulated to the following relevant facts. In September, 1981, the body of a young woman brutally

of . . . a district attorney, issue an order granting immunity to a witness . . . [who] did validly refuse to answer questions . . . on the grounds that such testimony . . . might tend to incriminate him . . . ."

[2] Under G. L. c. 233, § 20E, a single justice must make several findings, including whether the witness "did validly refuse to answer questions."

[3] The witness also claims that there is no power in this court to grant immunity pursuant to G. L. c. 211, § 3, and, even if an immunity order could be issued under that statute, this matter does not present an appropriate case for the exercise of this court's superintendency powers.

murdered was found in a stream in Brockton. Laboratory analysis showed the presence of semen in her mouth. Suspicion focused on both Richard A. Palaza (the witness) and Jeffrey R. Jones (the defendant). The victim was last seen alive in their company.

Testifying before a Plymouth County grand jury investigating possible charges in connection with the woman's death, the defendant and the witness accused each other of committing the murder then alleged. Both men were indicted for aggravated rape and murder. The Commonwealth elected to prosecute the witness first, believing the government's case against him to be stronger. Although he was required to appear and to submit to examination at the witness's trial, the defendant refused to testify. The Commonwealth failed to take any action to compel his testimony. Subsequently, the jury acquitted the witness of all charges.

Almost immediately following the verdict, the witness received a summons ordering him to appear and to testify at the trial of the defendant. The witness advised the Commonwealth that, if called to testify, he would assert his privilege not to incriminate himself. Subsequently, the witness was summoned to testify again before a Plymouth County grand jury. As the Commonwealth concedes, this grand jury was not involved in an ongoing investigation into the victim's death. The purpose of summoning the witness was to determine whether he actually would assert the privilege and would refuse to testify concerning the defendant's involvement in the victim's death. Should the witness assert the privilege, the Commonwealth indicated that it would seek an immunity order for the witness. After attempting unsuccessfully to quash the summons, the witness appeared before the grand jury and asserted the privilege with respect to all questions except those asking for his name and address. The Commonwealth subsequently filed this application for immunity under G. L. c. 233, § 20E, and alternatively sought the same relief pursuant to G. L. c. 211, § 3.

We have stated that "a witness called to testify before a grand jury may be granted immunity from prosecution only in

the manner prescribed by statute." *Grand Jurors for Middlesex County for the Year 1974* v. *Wallace,* 369 Mass. 876, 879 (1976). "[T]he statutes provide that immunity may be granted thereunder only in proceedings or investigations concerned with certain specified crimes." *Id.* Specifically, G. L. c. 233, § 20E, inserted by St. 1970, c. 408, provides that a single justice of the Supreme Judicial Court may grant the Commonwealth's application for immunity "if, after a hearing, . . . the justice finds that the witness did validly refuse to answer questions . . . on the grounds that such testimony . . . might tend to incriminate him *and that the investigation or proceeding before the grand jury* involves an offense listed in section twenty D . . ." (emphasis supplied). General Laws c. 233, § 20D, prescribes that a witness called to testify before a grand jury may be granted immunity in any proceeding or investigation involving certain, enumerated crimes.[4]

The Commonwealth's method of seeking immunity clearly does not comport with these statutory procedures. See G. L. c. 233, §§ 20D and 20E. As the Commonwealth conceded, the grand jury, which was convened soon after the witness's acquittal, was not involved in any continuing investigation concerning the victim's death. The Commonwealth never claimed that this grand jury was investigating any other crimes which would entitle the district attorney to seek immunity for a

---

[4] We also note that in G. L. c. 233, § 20C, inserted by St. 1970, c. 408, the language emphasized in the text reappears, as follows: "*In any investigation or proceeding before a grand jury* involving any offense listed in section twenty D, a witness shall not be excused from testifying . . . if he has been granted immunity . . . by a justice of the supreme judicial court, as provided in section twenty E" (emphasis supplied).

Some of the crimes which can form the basis of the grand jury's investigation and enable the Commonwealth to seek an immunity order include "arson, . . . assault and battery by means of a dangerous weapon, . . . breaking and entering a dwelling house or a building, bribery, . . . burglary, counterfeiting, . . . kidnapping, larceny, . . . mayhem, murder, . . . being an accessory to any of the foregoing offenses and conspiracy or attempt or solicitation to commit any of the foregoing offenses." G. L. c. 233, § 20D, inserted by St. 1970, c. 408.

witness under G. L. c. 233, § 20D.[5] The Commonwealth admitted that the sole purpose of the summons was to determine whether the witness would assert his Fifth Amendment privilege and would refuse to testify concerning the victim's death. In short, it appears that the witness was brought before the grand jury solely to obtain an order of immunity and thus obtain his testimony.

The Commonwealth cannot prevail on its contention that an exception to the statutory immunity procedures should lie where the Commonwealth's objective in seeking grand jury testimony is to determine whether a crucial witness intends to claim the Fifth Amendment privilege and, therefore, whether a grant of immunity must be sought to compel his testimony. To sanction such an exception not only would invalidate the rule that the statutory procedures for obtaining immunity should be followed, but also would tolerate an abuse of the grand jury process. We have stated that "it is improper to use [a] grand jury for the purpose of preparing an already pending indictment for trial." *Commonwealth* v. *Liebman,* 379 Mass. 671, 677 (1980).[6] See *United States* v. *Doe,* 455 F.2d 1270,

---

[5] The Commonwealth has merely asserted, in its brief, that the witness has refused to testify, based on his fear that his testimony will subject him to prosecution. Whether the witness will actually claim the privilege against self-incrimination if called to testify is not yet established.

[6] In *Commonwealth* v. *Liebman, supra,* although we intimated that the grand jury may have been used improperly to subpoena documents later introduced as evidence at trial, we held that no prejudice to the defendant ensued since the documents were readily available by trial subpoenas, and the defendant was made aware of this fact well in advance of trial.

In a case inapposite on its facts to the present matter, we addressed the propriety of a single justice's grant of immunity. *Commonwealth* v. *Donahue,* 369 Mass. 943, 948, cert. denied, 429 U.S. 833 (1976). In *Commonwealth* v. *Donahue, supra,* the district attorney applied for, and received, a grant of immunity after a witness claimed the privilege against self-incrimination before a grand jury which had already indicted the defendant for receiving stolen property. We decided that the facts did not support the defendant's claim that the grand jury was a pretext to obtain immunity for the witness in an attempt to ensure his cooperation with the prosecution. The witness had not testified previously before this grand jury. *Id.* at 948. Moreover, he had supplied the police on another occasion with relevant information concerning the defendant's unlawful ventures. *Id.* at 946.

1273 (1st Cir. 1972); *United States* v. *Fisher,* 455 F.2d 1101, 1105 (2d Cir. 1972).[7] That is precisely what the Commonwealth argues it should be allowed to do in this case. It has candidly agreed that "the Grand Jury was not involved in an ongoing investigation into the death of [the victim]," and that the "purpose of the summons for [the witness] was . . . to seek an order of immunity." Such a procedure is not within the scope of G. L. c. 233, §§ 20C-20I.

We do not reach the question whether this court has the power to grant immunity under the authority granted by G. L. c. 211, § 3, or as part of its inherent powers. Assuming, without deciding, that such power exists, we conclude that there exists no "substantial claim of [a] violation of . . . substantive rights and irremediable error" so as to entitle the Commonwealth to extraordinary relief. *Schipani* v. *Commonwealth,* 382 Mass. 685, 685 (1980), quoting *Morrissette* v. *Commonwealth,* 380 Mass. 197, 198 (1980).[8]

---

Thus, it was logical for the Commonwealth to seek the witness's assistance before a grand jury which was investigating other possible indictments against the defendant. *Id.* at 948-949.

Unlike the present matter, the *Donahue* case involved a grand jury properly being utilized to consider the return of indictments. Here, the Commonwealth has conceded that the grand jury was used merely to determine whether the witness would assert his privilege and refuse to answer questions concerning the victim's death.

[7] The government certainly may obtain advantages incidental to a grand jury proceeding which serves a legitimate, investigative purpose. See *United States* v. *Doe, supra* at 1274-1275; *United States* v. *Beasley,* 550 F.2d 261, 267 (5th Cir.), cert. denied, 434 U.S. 938 (1977). See also *Commonwealth* v. *Donahue, supra* at 948-949 (single justice properly granted immunity to witness who claimed Fifth Amendment privilege before grand jury investigating other criminal activities of defendant).

[8] In this case, the Commonwealth seeks evidence that will aid in the prosecution of the defendant in his upcoming trial. Thus, the Commonwealth cannot rely on *Commonwealth* v. *Hennigan,* (Sup. Jud. Ct. for Suffolk County, No. 79-439 Civil, October 22, 1979), wherein a single justice of this court decided that the court has the inherent authority, under G. L. c. 211, § 3, to immunize a witness so as to ensure that a defendant receives his right to a fair trial. In *Hennigan,* the single justice decided that where the prosecution had immunized its witnesses, and no immunity comparable in scope was granted the defendant's witnesses, and where the defendant, the prosecutor, and the trial judge all favored an immunity order, due process

We do not decide, as the Commonwealth requests, whether the witness waived his privilege against self-incrimination by testifying previously before a different grand jury which returned indictments against the defendant. The issue of waiver is more properly to be decided by a trial judge should the witness be called to testify and should the witness assert the claim of the privilege in response to specific questions. Cf. *Hoffman* v. *United States,* 341 U.S. 479, 486-487 (1951) (witness called to testify may invoke Fifth Amendment privilege based on trial judge's finding that response to specific question might tend to incriminate witness); *Silverio* v. *Municipal Court of the City of Boston,* 355 Mass. 623, 630 (police officer could not justify, based on Fifth Amendment privilege, refusal to answer superior's inquiry whether officer had claimed privilege before grand jury), cert. denied, 396 U.S. 878 (1969).

This matter is to be remanded to the single justice, who is to enter an order denying the Commonwealth's application for immunity.

*So ordered.*

---

considerations required the invocation of our superintendency power to ensure equal treatment in the dispensation of immunity. Compare *Schipani* v. *Commonwealth, supra* at 686 (affirming single justice's refusal to grant immunity under G. L. c. 211, § 3, where record failed to disclose identity of "John Doe" witness, validity of claim of privilege, or inability of defendant to receive fair trial if immunity not granted).