COMMONWEALTH *vs.* WILLIAM DALRYMPLE. September 18, 1998. *Witness,* Immunity, Self-incrimination. *Constitutional Law,* Self-incrimination. *Statute,* Retroactive statute.

We are concerned in this appeal with the jurisdiction of the courts and the circumstances in which to grant immunity to a witness in order to compel testimony despite a validly asserted privilege against self-incrimination under the Fifth and Fourteenth Amendments to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights. On March 4, 1997, before a Suffolk County grand jury, Tara Toomey testified to admissions by the defendant, William Dalrymple, regarding his participation in a homicide. On December 17, 1997, the Commonwealth learned that Toomey and Dalrymple were intending to marry at the earliest possible date. Anticipating that their marriage would make Toomey unavailable under G. L. c. 233, § 20, to testify at Dalrymple's trial, the Commonwealth filed a motion under Mass. R. Crim. P. 35, 378 Mass. 906 (1979), to depose Toomey and preserve her testimony. During a hearing on that motion, Toomey invoked her claims of constitutional privilege not to testify. After an in camera hearing on that issue, a judge in the Superior Court found that the witness had asserted a valid claim of privilege with respect to a remote but potential charge of accessory after the fact to murder.

The Commonwealth filed a petition under G. L. c. 211, § 3, for review of that ruling and, in the alternative, sought to obtain immunity for Toomey and compel her testimony. A single justice in the county court affirmed the judge's ruling as to Toomey's claim of privilege,[1] and reserved and reported the case to the full court to determine whether a justice in this court or in the Superior Court could grant Toomey immunity apart from the circumstances and procedures provided in G. L. c. 233, §§ 20C-20I. At the time of the single justice's reservation and report, that statute did not apply to the circumstances in which the Commonwealth sought a grant of immunity to Toomey.[2]

On July 24, 1998, the Governor signed into law amendments to G. L.

---

[1]The Commonwealth does not appeal from the single justice's affirmance of the judge's ruling on the validity of Toomey's claim of privilege.

[2]Until recently amended, G. L. c. 233, § 20E, authorized only a single justice of this court, on application of the Attorney General or a district attorney, to grant immunity to a witness in grand jury proceedings; § 20F authorized a Superior Court judge, on application of the Attorney General or a district attorney, to grant a witness immunity to testify in a Superior Court criminal proceeding, only if the witness previously had been granted immunity to testify before the grand jury by a single justice of this court.

c. 233, §§ 20C-20H, enacted by the Legislature. See St. 1998, c. 188.[3] The amended statutes significantly broadened the jurisdiction of courts and the procedural circumstances in which witnesses may be granted immunity, providing, inter alia, for such grants "in a criminal proceeding in the supreme judicial court, appeals court or superior court . . . [by a] justice of the supreme judicial court, appeals court or superior court . . . ." The statute now encompasses grants of immunity, such as that sought by the Commonwealth to secure Toomey's testimony, and gives express authority to a single justice of this court, among others, to grant the Commonwealth's request.

In light of the amendments to G. L. c. 233, §§ 20C-20H, we requested that the parties inform us of any remaining substantive issues. Toomey responded that the new statute should not be applied retroactively to her. To determine whether a statute's application is retroactive in a particular proceeding, we "look to the stage of the proceedings affected by the change and determine whether that stage has been completed on the effective date of the amendment. If the point in the proceedings to which the statutory change is applicable has already passed, the proceedings are not subject to that change. If, on the other hand, that point has not yet been reached, the new provisions apply." *Porter* v. *Clerk of the Superior Court*, 368 Mass. 116, 118 (1975). See *Riley* v. *Presnell*, 409 Mass. 239, 249-250 n.3 (1991); *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 629 (1974). The Commonwealth's request for Toomey to be granted immunity was not acted on by the single justice and, having been reserved and reported to the full court, is still pending. The point in the proceedings to which the change in G. L. c. 233, §§ 20C-20H, applies has not yet passed.[4] Toomey's claim as to retroactivity is without merit.

The Commonwealth presses us to reach the reported question whether immunity may be granted apart from G. L. c. 233, §§ 20C-20I, notwithstanding the greater breadth of the statute as amended, including the authority of a single justice of this court to grant the Commonwealth's request concerning Toomey. The Commonwealth urges us to recognize an inherent authority of the Attorney General or a district attorney, based on common law, to grant immunity. When, prior to the recent amendments, statutory authority to grant immunity was more limited, we ruled that "a prosecutor on his own may not properly grant immunity to a grand jury witness, because the immunity statute covers the entire subject of immunity for such witnesses." *Baglioni* v. *Chief of Police of Salem*, 421 Mass. 229, 231 (1995), citing *Grand Jurors for Middlesex County for the Year 1974* v. *Wallace*, 369 Mass. 876 (1976). We left undefined "the scope of a district attorney's authority to grant immunity in

---

[3]The amendments are effective in thirty days from that date. See art. 48, The Referendum, III, § 2, of the Amendments to the Constitution of the Commonwealth; G. L. c. 4, § 1. See also *Vittands* v. *Sudduth*, 41 Mass. App. Ct. 515, 518 & nn.7, 8 (1996) (absent emergency preamble, act ordinarily does not become effective for ninety days; but statutes relating to powers of courts, including those that expressly confer or restrict a court's jurisdiction, take effect in thirty days).

[4]The record does not disclose nor has it been updated to show if or when the defendant's trial is scheduled or whether it has commenced. Completion of testimony in the defendant's trial and in any related trials might place the proceedings at a point where application of the statute to Toomey might be improper. On the other hand, granting Toomey immunity once the statute takes effect and prior to a pretrial deposition would not be a retroactive application of the newly amended statute.

other contexts." *Baglioni, supra.* We later noted "that the question is one appropriate for a legislative answer." *Commonwealth* v. *Dormady,* 423 Mass. 190, 197 (1996).

The Legislature now has provided an answer in the context of criminal proceedings in the specified courts. Consistent with our view of the immunity statute prior to the amendments, we adhere to our view that the statute "covers the entire subject of immunity" for witnesses in the specified proceedings. *Baglioni, supra.* The Legislature did not authorize the Attorney General or district attorneys to grant immunity in such criminal proceedings, and we decline to recognize such authority in criminal proceedings on some basis apart from the statute. We need not consider whether there may be some proceeding in a context not addressed in the immunity statute, in which a district attorney or a trial judge would seek to exercise power to grant immunity, for the statutory procedures govern how Toomey may be granted immunity in this case.

We remand the case to the single justice to enter such orders as may be required consistent with this opinion.

*So ordered.*

*John P. Zanini,* Assistant District Attorney *(James W. Coffey,* Assistant District Attorney, with him) for the Commonwealth.

*John C. McBride* for the defendant.

*George E. Murphy, Jr.,* for Tara Toomey.

