Silva, J.
This is an appeal pursuant to G.L. c. 123, § 9(a) challenging the denial of the appellant’s motion to dismiss the petition for civil commitment filed by the appellee hospital. The appellant was involuntarily committed to Medfield State Hospital on December 1,1986 for a ten-day period pursuant to G.L. c. 123, § 12 having been given an opportunity under G.L. c. 123, § 10 to remain voluntarily. On January 7,1987, the patient’s guardian was contacted and the hospital was advised that the guardian had authority to commit the ward. In fact, it subsequently appeared that the guardian and her attorney were in error as they had no such authority. The patient was technically discharged and a new application for admission was filed. The patient was not consulted or informed of this action, and there is no record of her being informed of her right of voluntary admission prior to her readmission under the second § 12 application. On January 14,1987, a petition for a six-month commitment was filed and counsel was appointed for the patient. A motion to dismiss the petition was filed on January 22, 1987 and denied. The patient contends that the Court lacked jurisdiction to hear the commitment petition because it was filed during a second ten-day commitment. After a hearing on the second petition, the appellant was committed to Medfield State Hospital on February 5,1987 and recommitted on a subsequent six-month petition on August 18,1987. During the period of the second commitment the patient died on December 1,1987.
In the light of the fact that the relief sought is no longer of any use to the appellant, the Court declines to render a decision for the reason that the question originally involved is moot. Hubrite Informal Frocks v. Kramer, 297 Mass. 530, 534 (1937).
Since the appeal raised a question regarding the first commitment on February 5, 1987, it would appear that the defect, if any, was cured by the subsequent commitment of August 18,1987 and would likewise be moot.
Report dismissed.