Dolan, PJ.
This is an appeal pursuant to G.L.c. 123, §9 (a) challenging the denial of appellant’s motion to dismiss a petition for civil commitment to Taunton State Hospital. We decline to render a decision for the reason that the issue involved is now moot.
The appellant was originally detained by means of a warrant of apprehension issued pursuant to G.L.c. 123, §12 (e) by the Barnstable Division of the District Court Department of the Trial Court on August 8, 1994. After a psychiatric examination at the court, the court issued a ten-day order to commit. The appellant was then transferred to Taunton State Hospital.
On August 17, 1994, the Department of Mental Health (Department) filed a petition in the Taunton Division of the District Court seeking the involuntary commitment of the appellant under G.L.c. 123, §§7 and 8. A hearing on the petition was scheduled for August 30, 1994. However, prior to August 30th, the Taunton Division of the District Court notified the Department that no judges would be available on that date to hear the case. The hearing was then rescheduled for September 6, 1994, twenty days after the Department had filed the petition. The Department did not seek the appellant’s agreement to this continuance.
On September 6, 1994, the petition for commitment was heard at the hospital before the Taunton Division of the District Court. Appellant motioned the court to *9 dismiss the petition, and release her for failure to conduct a hearing within a fourteen day period. The court allowed the motion and ordered the petition dismissed and the appellant released.
After the court granted the appellant’s motion, the appellant was escorted by a mental health worker from the hospital courtroom back to the locked ward where she had previously been held. In going from the courtroom to the ward, the appellant never left the hospital building. Upon her arrival on the ward, the appellant was taken into an interview room and questioned by a psychiatrist who was not a member of her treatment team. Among other questions, the psychiatrist asked her where she would go if she left the hospital and with whom she would live. She answered his inquiries and was then told not to leave the room. The interviewing psychiatrist then completed an application for a further ten-day hospitalization at Taunton State Hospital pursuant to G.L.c. 123, §12.
On September 13, 1994, the Department filed a second petition for commitment pursuant to G.L.c. 123, §§7 and 8. The hearing on the second petition was held on September 20, 1994 before the Taunton Division of the District Court, fourteen days after the court had granted the appellant’s motion to dismiss. At the hearing, the appellant filed a motion to dismiss the commitment petition. The court denied the motion and committed the appellant pursuant to G.L.c. 123, §§7 and 8 for a period not to exceed six months. Appellant remained in the hospital until she was discharged from the hospital on October 24, 1994.
By this appeal appellant alleges there was error in the denial of her motion to dismiss and seeks her release from the hospital. However, because appellant has already been discharged from the hospital and the relief sought is no longer needed by her, the court declines to render a decision for the reason that the question originally involved is moot. Hubrite Informal Frocks, Inc. v. Kramer, 297 Mass. 530, 534 (1937); Medfield State Hospital v. Makarevich, 1988 Mass. App. Div. 117.